■ THELCO ELECTRICAL CONTRACTORS, INC., Appellant, v. JAMES J. DUFFY et al., as Trustees of the Pension and Retirement Fund, Locals 138, 138A and 138B, International Union of Operating Engineers, Respondents.— In a proceeding to confirm an arbitration award and for entry of a judgment thereon, petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated June 25, 1973, as, upon reargument, adhered to an earlier decision deferring confirmation and entry of judgment by consolidating the proceeding with three actions pending before the same court and referring all said consolidated matters to a Referee for hearing and determination. Order reversed insofar as appealed from, on the law, with $20 costs and disbursements; application granted; award confirmed; and judgment directed to be entered thereon. There is no reason not to confirm the arbitration award and to enter judgment thereon. The arbitration proceeding involved petitioner's claim for work, labor and services and is independent of petitioner's class action brought under article 3-A of the Lien Law (*Mansfield* v. *Jimden Realty Corp.*, 36 A D 2d 623). Since the application to confirm the award was made within one year (CPLR 7510) and none of the grounds set forth in CPLR 7511 was advanced to vacate or modify the award, Special Term erroneously refused to confirm the award. Hopkins, Acting P. J., Latham, Gulotta, and Christ, JJ., concur.

■ OCTAVIUS VIZZI et al., Plaintiffs, v. TOWN BOARD OF THE TOWN OF ISLIP, Defendant. (Action No. 1.) OCTAVIUS VIZZI et al., Appellants, v. TOWN OF ISLIP, Respondent. (Action No. 2.)— In consolidated actions with respect to the zoning ordinance of the Town of Islip, Action No. 2 being to declare the ordinance unconstitutional insofar as it is applicable to plaintiffs' property, plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County, entered January 13, 1972, as, after a nonjury trial, dismissed the complaint in Action No. 2. Judgment reversed insofar as appealed from, on the law, without costs, and case remanded to Special Term to consider the effect of the rezoning ordinance, as hereinafter mentioned. The judgment having declared, by a provision from which there has not been an appeal, that the town had rezoned plaintiffs' parcel from a Residence AAA to a Residence CA district, it is moot whether the parcel's classification as a Residence AAA district was constitutional. However, the town having subsequent to the judgment reclassified the parcel as a residence district other than AAA or CA, plaintiffs, if they are so advised, may press their constitutional claim against the ordinance's existing classification of the parcel by applying at the foot of the judgment for a further judgment with respect to the ordinance's recent amendment. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.