◾ FRANK KWASNIK, Appellant, v WILLO PACKING CO., INC., Respondent.—Appeal by the petitioner from an order of the Supreme Court, Kings County, dated February 8, 1977, which, *inter alia,* granted respondent's motion to vacate a prior judgment of the same court, dated December 8, 1975, which judgment confirmed an arbitrator's award in the petitioner's favor. Order reversed, on the law, with $50 costs and disbursements, motion denied, and judgment dated December 8, 1975 reinstated. The petitioner-

appellant and co-worker were discharged from their employment with the respondent as the result of an alleged act of theft from the respondent committed on February 25, 1975. Pursuant to the collective bargaining agreement between the respondent and the labor union of which petitioner was a member, the issue of his discharge was sent to arbitration. The reason for the petitioner's discharge, as stated by the arbitrator in his opinion, was the petitioner's "complicity in the theft of Company property and failure to comply with the employer's directives in respect of conduct and job related procedures." On July 15, 1975 the arbitrator rendered an award in favor of the petitioner and ordered that he be reinstated with a disciplinary suspension. On July 23, 1975 the respondent wrote to the arbitrator requesting that the case be reopened, alleging fraud by the petitioner in procuring the award. The matter was not reopened since the arbitrator felt that the respondent's claim was based on evidence which was available at the time of the arbitration hearing. On October 8, 1975 the petitioner moved to confirm the award and the respondent cross-moved to vacate the award or, in the alternative, to reopen the hearing for the taking of additional testimony. The respondent pointed out that the petitioner had been disqualified from receiving unemployment benefits since he had been discharged because of misconduct. However, that determination was made prior to the arbitration. In a decision dated November 5, 1975, the court confirmed the arbitrator's award, specifically noting that the arbitrator had rejected the respondent's claim of fraud. In July, 1976 the petitioner's co-worker was tried for the theft which had allegedly occurred in February, 1975. The petitioner gave testimony at that trial which conflicted with his testimony at the arbitration hearing in July, 1975. On September 14, 1976 the respondent moved to set aside and vacate the judgment which confirmed the arbitrator's award, on the grounds of fraud, misrepresentation and newly discovered evidence. In support of its motion the respondent alleged that another co-worker of the petitioner, who had been unable to appear before the arbitrator, could give evidence that would undermine the petitioner's testimony before the arbitrator and show it to have been false. The respondent also claimed that a certain unnamed "witness" would provide information as to a pattern of theft from the respondent. In addition, the respondent pointed to the contradictory testimony given by the petitioner at the trial of the other employee who was discharged, as evidence of his having perjured himself before the arbitrator. By order dated February 8, 1977, Special Term granted the respondent's motion, vacated the prior judgment which confirmed the arbitrator's award and remitted the matter to the arbitrator for a further evidentiary hearing and a new determination. Special Term relied on CPLR 5015 and on the inherent discretionary power of a court to vacate its own judgments. The court held that "[a] judgment confirming an arbitration award is no different than any other judgment" and that a court could "set aside a judgment confirming an arbitration award on the ground of newly discovered evidence, if it appears that such evidence might change the result". CPLR 5015 (subd [a]), which provides for relief from a prior judgment or order, states: "The court which rendered a judgment or order may relieve a party from it * * * upon the ground of * * * 2. newly-discovered evidence which, if introduced at the trial, would probably have produced a different result * * * or 3. fraud, misrepresentation, or other misconduct of an adverse party". The result of Special Term's vacating the prior judgment which confirmed the arbitrator's award, was the vacating of the award itself. It is axiomatic that newly discovered evidence is not a competent ground for vacating an arbitrator's award (*Matter of Ganser*

*[New York Tel. Co.],* 41 AD2d 914, affd 34 NY2d 717; see, also, *Matter of Mole [Queen Ins. Co. of Amer.],* 14 AD2d 1). CPLR 7511, which sets forth the exclusive grounds for vacating an arbitrator's award, states: "(a) When application made. An application to vacate or modify an award may be made by a party within ninety days after its delivery to him. (b) Grounds for vacating. 1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award". However, even if a proper and timely motion had been made pursuant to CPLR 7511, the respondent's contention would have failed. The impeaching evidence which it sought to provide through one of the petitioner's co-workers was fully available at the time of the arbitration hearing, even though the witness himself may not have been able to attend. The evidence which it sought to provide by the as yet unnamed "witness" would, at best, be deemed newly discovered and thus of no impact. While the fact that the petitioner gave contradictory testimony at the criminal trial of the other employee who was discharged with him might tend to impeach his credibility, it, too, is in the nature of newly discovered evidence and thus, not a basis for vacating the arbitrator's award (see *Matter of Ganser [New York Tel. Co.], supra).* Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.