■ DOMINO IMPORTS, LTD., Respondent, v STYLE SHOP, INC., et al., Appellants. — Order, Supreme Court, New York County (Bruce Wright, J.), entered November 2, 1983, denying defendants' motion to excuse their default and to compel plaintiff to accept defendants' bill of particulars, unanimously reversed, on the law, the facts, and in the exercise of discretion, to grant the motion excusing the default, vacate the order of preclusion, the order granting summary judgment and any judgment entered thereon and direct plaintiff to accept defendants' bill of particulars, on condition that (1) defendants' attorney pay to plaintiff the sum of $500 within 20 days after service of a copy of the order to be entered on the appeal and (2) defendants serve their bill of particulars within said period, without costs or disbursements. Upon failure to comply with the foregoing, the order is affirmed, with costs and disbursements to plaintiff.

The action for goods sold and delivered was brought by plaintiff, an importer and supplier in the dress trade, to recover the balance claimed to be due on orders which had been placed by defendants. The purchase orders reflected the terms as 8%, payable 10 days, end of month (8/10 EOM). After a dispute arose concerning the condition and quality of the goods, plaintiff offered to accept a 25% discount on the balance, whereupon defendants tendered payment in an amount representing the balance reduced by 33%. Plaintiff, however, insisted that it had agreed to an additional discount of 17% plus the regular 8% discount, and commenced this action to recover $16,579.15, the balance allegedly due on the bill without any discount.

After defendants failed to serve a bill of particulars in response to plaintiff's demand, a conditional preclusion order was entered on consent, which required that a bill be served within 45 days. Three days after expiration of the 45-day period, plaintiff moved for summary judgment based upon the preclusion

order, which was granted on default. It is alleged that a bill was not timely served because counsel was awaiting information from his clients and that a proper response required the taking of an inventory. The attorney contends he first learned that the 45-day period had elapsed when the motion for summary judgment was made and he defaulted on the motion when he neglected to obtain an adjournment. The motion to excuse the default was made one day prior to the settlement date of the proposed judgment.

Special Term, in denying the motion, found insufficient excuse offered for the several defaults, concluding that the default was deliberate. While it recognized that CPLR 2005 authorized relief where a default was occasioned by law office failure, it observed that the default here was by the client. However, the record does reflect that the default, at least in part, was attributable to law office failure, in failing to (1) timely serve a bill of particulars; (2) comply with the conditional order of preclusion; and (3) appear in opposition to the motion for summary judgment. The papers submitted do reflect the existence of a meritorious defense relating to appellants' claim that the parties had agreed to a 25% discount to adjust for the quality and condition of the goods, in addition to the 8% already provided in the purchase orders, which was standard in the trade.

Under the circumstances, taking into account the strong policy favoring the disposition of actions on the merits, the absence of any resulting prejudice to plaintiff, the relatively short period of delay and the existence of a possible meritorious defense, we exercise *our discretion* to excuse the default on the condition provided and upon the prompt service by appellants of their bill of particulars (CPLR 2005, 3012, subd [d]). In our view, the case should proceed to a disposition on the merits. Concur — Carro, J. P., Asch, Bloom and Kassal, JJ.