■ CAROL CROOKS, Respondent, v LEAR TAXI CORPORATION et al., Appellants.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered February 20, 1987, denying defendant-appellant's motion to vacate a default judgment, is unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and defendant-appellant's motion to vacate the default granted and defendant-appellant directed to serve a verified answer within 20 days of service of this court's order.

On October 7, 1985, plaintiff-respondent Carol Crooks served a summons and verified complaint upon defendant-appellant Lear Taxi Corporation by service upon the Secretary of State, pursuant to Business Corporation Law § 306. Plaintiff alleged that on July 5, 1984, while she was riding in defendant's taxi, she was injured when the cab became involved in a car accident. By notice of motion dated July 30, 1986, plaintiff moved for a default judgment upon defendant's failure to appear. By order entered December 19, 1986, Justice Shainswit granted the motion, with leave to reopen, upon a showing of a meritorious defense.

Shortly thereafter, by order to show cause dated January 13, 1987, consisting of an affidavit by one of defendant's drivers, denying involvement in the incident complained of, and an attorney's affirmation, defendant sought vacatur of the default judgment and time for defendant to answer and defend. Plaintiff opposed the motion to vacate by an affirmation

in opposition dated January 19, 1987. By order entered February 20, 1987, Justice Shainswit denied the motion to vacate due to the insufficiencies of the excuse for not appearing and the purported meritorious defense. Defendant appeals.

The order should be reversed, since defendant has sufficiently demonstrated a reasonable excuse for the default and a possible meritorious defense to the action. Defendant's statement that it did not personally receive notice of the summons in time to defend is sufficient to excuse its failure to appear. Moreover, that defendant quickly moved to vacate the default judgment within one month of the order's entry demonstrates a lack of willfulness in the default and militates against a finding of prejudice to plaintiff. The affidavit of Mr. Morgan, which states he was the only driver of the taxi on July 4, 1984 and July 5, 1984, and which states that he was not involved in any accident, raises a possible meritorious defense sufficient to vacate the default. As we concluded in *Domino Imports v Style Shop* (107 AD2d 639, 640), "the strong policy favoring the disposition of actions on the merits, the absence of any resulting prejudice to plaintiff, the relatively short period of delay and the existence of a possible meritorious defense" justify vacatur of this default judgment. Concur—Murphy, P. J., Sandler, Carro, Rosenberger and Wallach, JJ.