■ BROOKE BOND INDIA, LIMITED, Respondent, v GEL SPICE

Co., Inc., Appellant. [596 NYS2d 406] —Order of the Supreme Court, New York County (Harold Tompkins, J.), entered February 4, 1992, which denied respondent's motion to vacate a default judgment setting aside arbitration awards in its favor, unanimously reversed, on the law, the motion granted and the judgment vacated, without costs. Respondent shall serve an answer within 30 days after the entry hereof.

In a dispute arising out of a contract to purchase 75 tons of black pepper, petitioner obtained a judgment in India dated January 5, 1990 declaring the subject contract void. Respondent then sought arbitration and, in November 1990, obtained awards totalling approximately $75,000 in its favor. In May 1991, petitioner commenced the instant proceeding to vacate the awards by delivering the notice of petition and verified petition to the New York Secretary of State pursuant to Business Corporation Law § 306. Upon respondent's default in appearance, judgment was entered on August 27, 1991.

In November 1991, respondent moved to vacate the default judgment against it and to dismiss the action "pursuant to sections 5105 (a) (4) [sic] and 327 of the CPLR, on the ground of lack of jurisdiction based on the theory of forum * * * non conveniens" (CPLR 5015 [a] [4]) and, in the alternative, for failure to personally serve it (CPLR 317). The affirmation of respondent's attorney submitted in support of the motion asserts that the company only became aware of the default judgment when served with a copy in response to a proceeding to confirm the arbitration awards commenced in the State of New Jersey; that, although petitioner knew respondent's location, petitioner elected to effect service upon the New York Secretary of State; that no papers were served on respondent by either petitioner or the Secretary of State; that the action does not relate to New York; and that a meritorious claim is demonstrated by the arbitration awards obtained by respondent. Also attached to the moving papers is a copy of the affidavit of respondent's vice-president, previously submitted to the New Jersey court in support of confirmation of the awards, in which he states that the Indian judgment was obtained ex parte and that, although petitioner was aware of respondent's address, no papers were served on respondent by either petitioner or the Secretary of State. Supreme Court denied respondent's motion to vacate its default on the ground that service upon the Secretary of State was valid and that respondent had neglected to include an affidavit by someone with personal knowledge of the facts in support of its motion.

CPLR 317 permits a party in default to defend an action on the merits upon a showing that he did not receive personal service in time to defend the action and that he has a meritorious defense. Unlike a motion pursuant to CPLR 5015, it is not necessary to offer reasonable excuse for the delay *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141). The affidavit of respondent's vice-president is no less compelling because it was submitted to another court in the course of another proceeding, and sufficient excuse for respondent's failure to appear is set forth *(Crooks v Lear Taxi Corp.,* 136 AD2d 452). That respondent may have received a notice of settlement nearly a month before the default judgment was entered is of no moment because notice of the proceeding was not received "in time to defend" (CPLR 317). Petitioner has not controverted respondent's contention that the judgment in India was obtained ex parte. Finally, respondent has established that its opposition to the proceeding to vacate the arbitration awards is meritorious, as stated in the verified complaint from the New Jersey proceeding (CPLR 105 [t]).

It is the policy of this State to strongly encourage the use of arbitration to resolve disputes *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95). Confirmation of an arbitration award, together with entry of judgment (CPLR 7514 [a]), is mandated unless grounds exist to vacate or modify the award (CPLR 7510). The "long-established public policy that actions should be considered on their merits" *(Mineroff v Macy's & Co.,* 97 AD2d 535, 536) is equally applicable in the context of a proceeding to set aside an award rendered in arbitration, and respondent should not be deprived of the benefit of its victory unless sufficient grounds have been established pursuant to statute (CPLR 7511). Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.