■ In the Matter of CYNTHIA ADAMS, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [620 NYS2d 71] —In a proceeding pursuant to CPLR 7511, *inter alia,* to vacate an arbitrator's award dated July 10, 1992, the appeal is from a judgment of the Supreme Court, Queens County (Rutledge, J.),

dated April 20, 1993, which granted the petition and vacated the award.

Ordered that the judgment is reversed, on the law, with costs, the arbitrator's award dated July 10, 1992, is reinstated, and the proceeding is dismissed.

The test applicable for review of a compulsory no-fault arbitration award where an error of law is in issue is whether any reasonable hypothesis can be found to support the questioned interpretation. In reviewing an arbitrator's award, a court should not set it aside for errors of law or fact unless the award is so irrational as to require vacatur (see, *Matter of Panton v Allstate Ins. Co.*, 173 AD2d 831; *Matter of Empire Mut. Ins. Co. v Jones*, 151 AD2d 754). We conclude that there was a rational basis for the arbitrator to conclude that the petitioner violated the terms of the insurance policy by failing to appear for a scheduled physical examination without good cause.

We reject the petitioner's request to impose costs and sanctions against the appellant for failure to include certain documents in the record on appeal. Thompson, J. P., O'Brien, Santucci and Joy, JJ., concur.

Miller, J., dissents and votes to affirm the judgment, with the following memorandum: I do not share my colleagues' conclusion that the Supreme Court erred in setting aside the arbitrator's determination that the petitioner violated the terms of her insurance policy by failing to appear for one medical examination. As I conclude that the arbitrator's determination ignored the policy provisions and insurance regulations requiring the insurer's demands to be reasonable, I find that the Supreme Court properly set aside the determination terminating the petitioner's no-fault benefits. Consequently, I would affirm the judgment on appeal.

On January 2, 1991, the petitioner was injured in an automobile accident, and filed a no-fault claim against her insurer, Allstate Insurance Company (hereinafter Allstate). Allstate commenced providing no-fault benefits. On or about April 11, 1991, Allstate directed the petitioner to appear for a physical examination on April 22, 1991. The notice was sent to the petitioner's former attorney, who responded by requesting that it be postponed. He explained that the petitioner was not available on that date, and he informed Allstate that she was scheduled to undergo Magnetic Resonance Imaging examinations (hereinafter MRI) on May 6 and 7, 1991. The petitioner's counsel apparently expressed the opinion that it would be

preferable to have the MRI results available at the time of the examination by Allstate's physician. Allstate, however, rejected this suggestion, and by "final notice" dated April 25, 1991, directed the petitioner to appear for an examination on April 29, 1991. However, the petitioner did not appear for this rescheduled examination because she did not receive the "final notice" until April 29, 1991, *after* the time set for the examination had passed. On or about May 2, 1991, Allstate notified the petitioner that her benefits had been terminated due to her failure to appear for two scheduled medical examinations on April 22, 1991, and April 29, 1991, respectively.

The petitioner then demanded arbitration, pursuant to the terms of her policy, of Allstate's decision to terminate her benefits. The arbitrator acknowledged that the petitioner's failure to appear for the second scheduled examination on April 29 "should not be held against her", as she did not receive notice thereof until after the appointed hour had passed. However, based solely upon her failure to appear for the scheduled examination on April 22 "without good cause", the arbitrator found that the petitioner had violated a condition of the policy. Accordingly, the arbitrator ruled that Allstate was entitled to exclude her from further coverage. This determination was subsequently upheld by a master arbitrator, and the majority concurs with these determinations. I do not.

Admittedly, the scope of review of an arbitrator's determination is limited. A court may not usurp the arbitrator's role by imposing its concept of a just and equitable result *(see, Matter of Local 345 [Heinrich Motors],* 81 AD2d 1021, 1022) and even errors of law will not generally justify vacating an arbitration award *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623). However, an arbitration award may be set aside where it is so irrational as to warrant vacatur *(see, Massapequa Gen. Hosp. v Travelers Ins. Co.,* 104 AD2d 638). Moreover, in cases of compulsory arbitration, the standard of review is more exacting than in cases of voluntary arbitration *(see, Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.],* 49 NY2d 757). In such instances, the award may be set aside if irrational or if it is arbitrary and capricious *(see, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207).

In this case, the arbitrator's determination that the petitioner's failure to attend one scheduled medical examination justified the termination of her no-fault benefits payments was wholly irrational and in complete disregard of the terms of

the policy and the governing regulations *(see, Karmilowicz v Allstate Ins. Co.,* 77 AD2d 131).

Pursuant to 11 NYCRR 65.15 (a), no-fault claims are to be handled promptly and fairly, and the insured is not to be treated as an adversary. The regulations permit an insurer to require an insured to submit to medical examinations: however, "[a]ll medical examinations requested by the insurer shall be held at a place and time reasonably convenient to the applicant" (11 NYCRR 65.15 [d] [4]). Pursuant to 11 NYCRR 65.15 (d) (3), a request for a medical examination constitutes a verification of a claim. The regulations further provide, however, that if a necessary verification is not supplied within 30 days after it is requested, the insurer shall "follow-up" with the insured to secure the missing verification (11 NYCRR 65.15 [e] [2]). Except for reasons of noncoverage provided in 11 NYCRR 65.15 (g) (5), which are not pertinent to the instant case, an insurer may not interrupt the payment of benefits pending the administration of a medical examination unless the applicant or her attorney is responsible for the delay or inability to schedule the examination (11 NYCRR 65.15 [g] [2] [i]), and a denial of the claim may not be made prior to receipt of all relevant requested verifications (11 NYCRR 65.15 [g] [2] [iii]). Rather, 11 NYCRR 65.15 (g) (2) (iii) directs an insurer to comply with the follow-up procedures prescribed by 11 NYCRR 65.15 (e) (2).

In this case, the petitioner's benefits were terminated, and her claim was arbitrarily denied, based upon one missed appointment, without affording her any opportunity to appear for the rescheduled examination. Aside from the obvious fact that the arbitrator's determination ignored the pertinent regulations, it irrationally rubber-stamped the insurer's precipitous and unwarranted denial of the petitioner's claim.

While the arbitrator purported to discount the fact that the petitioner was not given adequate notice of the rescheduled examination, in effect, her claim was denied because of one single omission, on advice of counsel, with no meaningful followup, in violation of the regulations. Although Allstate itself did schedule a second examination, it failed to afford the petitioner timely notice of that examination. Thus Allstate did not terminate benefits based upon one missed appointment, but the arbitrator did. In effect, the arbitrator sustained a termination of benefits on a "one strike and you're out" theory not even advanced by Allstate. The arbitrator's award deprived the petitioner of the right she had to a followup, in

contravention of 11 NYCRR 65.15 (e) (2). Allstate's reasons were insufficient and the arbitrator's were even more so.

Furthermore, it is well settled that an arbitrator's award may be vacated where it is violative of a strong public policy *(see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299). The policies underlying compulsory arbitration of no-fault insurance disputes are well documented. They include the rapid payment of benefits without regard to fault *(see generally,* 70 NY Jur 2d, Insurance, § 1556), and arbitration of claims was envisioned as providing a fair and adequate means of recovering benefits *(see, Montgomery v Daniels,* 38 NY2d 41; *Sanpietro v McCoy,* 130 AD2d 648). The award at bar arbitrarily and capriciously terminated the petitioner's no-fault benefits without regard to her injuries, based exclusively upon one missed medical appointment which the petitioner's attorney had asked Allstate to reschedule. To permit the revocation of benefits upon such a flimsy, irrational decision, in my opinion constitutes a clear violation of public policy. Hence, for this reason as well, the Supreme Court was correct to vacate the award.

In short, I view the arbitrator's award as both arbitrary and capricious and violative of public policy, and therefore dissent from my colleagues' determination to reverse the Supreme Court, Queens County, and to reinstate the award.