■ In the Matter of HANOVER INSURANCE COMPANY, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [641 NYS2d 547] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award and to direct a new arbitration, the petitioner appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered March 22, 1995, which denied the petition and dismissed the proceeding, and (2) as limited by its brief, from so much of an order of the same court, entered April 24, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered March 22, 1995, is dismissed, as that order was superseded by the order entered April 24, 1995, made upon reargument; and it is further,

Ordered that the order entered April 24, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The test applicable for review of a compulsory no-fault arbitration award where an error of law is in issue is whether any reasonable hypothesis can be found to support the questioned interpretation. In reviewing an arbitrator's award, a court should not set it aside for errors of law or fact unless the award is so irrational as to require vacatur (*see, Matter of Adams v Allstate Ins. Co.,* 210 AD2d 319, 320; *Matter of Empire Mut. Ins. Co. v Jones,* 151 AD2d 754). We conclude that there was a rational basis for the arbitrators to conclude that the petitioner failed to sustain its burden of proof by failing to present evidence to establish the weight requirement set forth in Insurance Law § 5105. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.