■ In the Matter of IRENE GOLDEN, Appellant, v MICHIGAN MILLER's MUTUAL INSURANCE COMPANY, Respondent. [646 NYS2d 289] —In a special proceeding pursuant to CPLR 7510 to confirm an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Kings County, (Feinberg, J.),

dated September 19, 1994, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

There is nothing in the record to support the petitioner's contention that Michigan Miller's Mutual Insurance Company (hereinafter Michigan Miller's) agreed to arbitration, as required by the parties' insurance contract. The law in Florida, which is undisputedly applicable in this proceeding, does not prohibit insurance contracts which require the consent of both parties to arbitrate claims (see, Fladell v State Farm Mut. Auto. Ins. Co., 544 So 2d 1056 [Fla]). Accordingly, the petition to confirm an award made on Michigan Miller's default in appearing at the arbitration is entirely without merit, and was correctly dismissed by the Supreme Court.

The petitioner's contention that the arbitration clause of the contract is ambiguous and should be construed against Michigan Miller's, as the drafter of the contract, was raised for the first time on appeal and is therefore unpreserved for appellate review (see, Snyder v Newcomb Oil Co., 194 AD2d 53). Altman, J. P., Hart and McGinity, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment, on the law, to grant the application, and to confirm the arbitration award, with the following memorandum: The appellant argues that "[f]ailure to timely move to stay the arbitration pursuant to CPLR 7503" precludes the insurance carrier from arguing that there was no agreement to arbitrate pursuant to the terms of the policy. That is not an accurate description of the law. Where there is no agreement to arbitrate, the 20-day Statute of Limitations for moving for a stay of arbitration is inapplicable (see, Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264). Thus, in this case, the insurance carrier's failure to move to stay arbitration within 20 days is not relevant.

However, the insurance carrier concedes that it received a notice of intention to arbitrate, but failed to move to stay arbitration at all, and allowed arbitration to proceed.

The instant proceeding to confirm the arbitration award was brought pursuant to CPLR 7510, which provides: "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511".

CPLR 7511 (b) (2) authorizes vacatur of an award on the ground that a valid agreement to arbitrate was not made and/or the agreement to arbitrate had not been complied with, but only if the party seeking vacatur "neither participated in

the arbitration nor was served with a notice of intention to arbitrate". Since the insurance carrier was concededly served with a notice of intent to arbitrate, but never moved to stay arbitration, and allowed the arbitration to proceed to an award, that award is not subject to vacatur under CPLR 7511 on the ground that there was no agreement to arbitrate. In other words, at this juncture, the insurance carrier is foreclosed from raising the issue of whether there was an agreement to arbitrate (see, Matter of Interboro Mut. Indem Ins. Co. v Legros, 205 AD2d 537).

CPLR 7510 provides that an arbitration award must either be confirmed, modified, or vacated. That provision does not contemplate leaving the award in limbo (see, Brooke Bond India v Gel Spice Co., 192 AD2d 458; Thelco Elec. Contrs. v Duffy, 43 AD2d 567). In this case, since the award is not subject to vacatur or modification pursuant to CPLR 7511, it must be confirmed pursuant to CPLR 7510.