■ In the Matter of AMERICAN FEDERAL GROUP, LTD., Respondent, v AFG PARTNERS, Appellant. [717 NYS2d 42] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered December 7, 1999, which, insofar as appealed from, confirmed an arbitration award in favor of petitioner and against respondent, and denied respondent's motion for sanctions, unanimously affirmed, without costs.

The motion court properly confirmed this award of a sum of money in favor of petitioner, even though petitioner initiated the proceeding as one to vacate the award and first sought confirmation only in its reply papers. Apparently, at first, petitioner was dissatisfied with the amount of money awarded to it, but had second thoughts when respondent's opposition papers to its motion to vacate, which did not affirmatively seek confirmation, indicated to petitioner that respondent's financial difficulties would make collection of a larger award unlikely. On appeal, respondent argues that because petitioner's application to vacate the award was untimely, the proceeding should have been dismissed in all respects. The application to vacate the award, which was never formally withdrawn, was, as respondent argued in its opposition papers and the motion

court ruled, untimely because not made within 90 days of the award's delivery to petitioner (CPLR 7511 [a]). However, respondent was not aggrieved when the motion court, instead of dismissing the proceeding, instead took up petitioner's request for confirmation first made in reply papers. Under CPLR 7511 (e), the court must confirm an award upon denying a motion to vacate or modify it. Therefore, had petitioner not served any reply papers at all, the award would have been confirmed, even though such relief was not affirmatively sought by respondent in its opposition to the motion to vacate. Indeed, had petitioner initially sought confirmation, then, under CPLR 7510, confirmation would had to have been granted absent opposition from respondent seeking vacatur or modification. Yet, respondent had opposed vacatur in papers that argued at length not only that petitioner's application to vacate was untimely but also that the award was not irrational. Such circumstances necessarily undercut respondent's claim that it was deprived of an opportunity to respond to petitioner's belated request for confirmation. Even now, on appeal, respondent does not argue that the award should be vacated, only that nothing should happen to it. In addition, respondent had ample opportunity to put forward its position in its simultaneously submitted motion for sanctions. That motion was properly denied upon a finding that petitioner's original arguments in favor of vacatur were not frivolous, only unpersuasive. Nor does respondent address petitioner's statement that the reason it abandoned its motion to vacate and sought confirmation instead was because of a reasonable belief that respondent's financial difficulties would make pursuit of a larger award futile. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.