■ In the Matter of JOAN R. LURIE et al., Respondents, v BERNARD SOBUS, Appellant, et al., Respondent. [735 NYS2d 187] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Bernard Sobus appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Vaughan, J.), entered February 9, 2001, as confirmed that portion of the arbitration award which was in favor of the petitioners and against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

CPLR 7510 provides that an arbitration award shall be confirmed upon the timely application of a party unless the award is vacated or modified upon a ground specified in CPLR 7511. An arbitration award may be vacated only upon the grounds specified in CPLR 7511 (see, Matter of Blamowski [Munson Transp.], 91 NY2d 190, 194). CPLR 7511 (b) (2) (ii)

provides that an arbitration award "shall be vacated on the application of a party who neither participated in the arbitration nor was served with a notice of intention to arbitrate if * * * a valid agreement to arbitrate was not made." Thus, the absence of an agreement to arbitrate is not a basis upon which either a person who has been served with a notice of intention to arbitrate or a person who has participated in the arbitration may seek vacatur of an award (*see, Matter of Commerce & Indus. Ins. Co. v Nester,* 227 AD2d 556, 557, *affd* 90 NY2d 255; *Matter of Interboro Mut. Indem. Ins. Co. v Legros,* 205 AD2d 537).

Here, the appellant was served with a proper notice of intention to arbitrate. Therefore, his contention that he was not a party to the arbitration agreement cannot serve as a basis either to deny confirmation of that portion of an arbitration award which was in favor of the petitioners and against him or to vacate that portion of the award (*see, Matter of Commerce & Indus. Ins. Co. v Nester, supra; Matter of Interboro Mut. Indem. Ins. Co. v Legros, supra,* at 557). To the extent that our decisions in *Matter of Golden v Michigan Miller's Mut. Ins. Co.* (229 AD2d 576) and *Matter of Fair v Continental Ins. Co.* (203 AD2d 364) suggest otherwise, they are no longer to be followed.

The appellant has not established any other ground for vacating that portion of the arbitration award which was in favor of the petitioners and against him (*see,* CPLR 7511 [b] [1]). O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.