■ In the Matter of HELEN DOMOTOR, Appellant, v STATE FARM MUTUAL INSURANCE COMPANY, Respondent. [778 NYS2d 919]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated December 23, 2002, and to confirm an arbitration award dated October 8, 2001, in which the respondent cross-petitions to confirm the arbitration award dated December 23, 2002, the petitioner appeals from so much of (1) an order of the Supreme Court, Nassau County (Winslow, J.), dated June 23, 2003, as denied those branches of the petition which were to vacate so much of the arbitration award dated December 23, 2002, as determined that interest would accrue on the petitioner's monetary recovery as of February 7, 2001, and to confirm the arbitration award dated October 8, 2001, which determined that interest would accrue on the petitioner's monetary recovery as of March 18, 1996, and as granted the cross petition to confirm so much of the arbitration award dated December 23, 2002, as determined that interest would accrue as of February 7, 2001, and (2), an order of the same court dated August 8, 2003, as, in effect, adhered to the prior order.

Ordered that the appeal from the order dated June 23, 2003, is dismissed, as that order was superseded by the order dated August 8, 2003; and it is further,

Ordered that the order dated August 8, 2003 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying an arbitration award are few in number and are narrowly applied. The list of potential objections in CPLR 7511 (b) is exclusive (*see Matter of Blamowski [Munson Transp.],* 91 NY2d 190 [1997]; *Matter of Lurie v Sobus,* 289 AD2d 578 [2001]; *Geneseo Police Benevolent Assn., Council 82 Am. Fedn. of State, County, & Mun. Empls., AFL-CIO v Village of Geneseo,* 91 AD2d 858 [1982], *affd* 59 NY2d 726 [1983]). The petitioner failed to dem-

onstrate the existence of any of the grounds specified in the statute to vacate the arbitration award dated December 23, 2002.

The appellant's remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.