■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v LUMBERMENS MUTUAL CASUALTY Co., Respondent. [796 NYS2d 112]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), dated July 16, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The appellant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), argues that, in this "priority of payments" dispute, the arbitrator erred in concluding that State Farm was 100% liable for the payment of first-party benefits solely on the basis that State Farm's insured vehicle was the only vehicle that actually made physical contact with the injured pedestrian (*see* Insurance Law § 5105 [b]; 11 NYCRR 65-3.12 [e]; 65-3.14 [b] [3]; 65.15 [m] [2] [iii]; *Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 150 AD2d 455 [1989]). In opposition, Lumbermens Mutual Casualty Company (hereinafter Lumbermens) argues that the arbitrator's award was proper in light of the absence of any competent evidence that would tend to prove that the negligence of its insured driver, whose car did not make any physical contact with the injured pedestrian, was in some way at fault in connection with the occurrence.

We agree with Lumbermens that the award could properly have been based on State Farm's failure to prove any negligence on the part of Lumbermens' insured driver. Also, even assuming that the arbitrator might have misapplied applicable law as argued by State Farm, the arbitrator's award was at least supported by a "reasonable hypothesis" and was not contrary to what could be fairly described as settled law (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 224 [1996]; *see Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 231 [1982]; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771 [2004]; *Matter of Hanover Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 226 AD2d 533 [1996]; *Matter of Adams v Allstate Ins. Co.*, 210 AD2d 319 [1994]; *Matter of Shand*, 74 AD2d 442, 454 [1980]). Thus, the arbitrator's award was not subject to vacatur under CPLR 7511 (b) (1). Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.