■ In the Matter of CHARLES GREEN, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [802 NYS2d 379]—

In a proceeding pursuant to CPLR 7511 to vacate an award of a master arbitrator dated September 25, 2003, affirming an award of an arbitrator dated July 9, 2003, the appeal is from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 12, 2004, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-

fault arbitration award are few in number and narrowly applied (*see Matter of Domotor v State Farm Mut. Ins. Co.*, 9 AD3d 367 [2004]). Here, the petitioner failed to demonstrate the existence of any of the statutory grounds for vacating the master arbitrator's award. The arbitrator acted within his discretionary authority in refusing to entertain late submissions from each of the parties. Moreover, the determination of the master arbitrator affirming the original award had a rational basis (*see Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 231-232 [1982]; *Matter of Liberty Mut. Ins. Co. v Spine Americare Med.*, 294 AD2d 574, 576 [2002]). Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.