■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Respondent. [807 NYS2d 570]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated April 16, 2004, entered upon its default, the petitioner appeals from an order of the Supreme Court, Queens County (Rios, J.), dated October 13, 2004, which denied the petition to vacate the award.

Ordered that the order is affirmed, with costs.

CPLR 7511 (b) sets forth the exclusive grounds upon which an arbitration award may be vacated (*see Boggin v Wilson,* 14 AD3d 523 [2005]; *Kwasnik v Willo Packing Co.,* 61 AD2d 791 [1978]; *see also Hackett v Milbank, Tweed, Hadley & McCloy,* 86 NY2d 146, 154 [1995]; *Matter of Lurie v Sobus,* 289 AD2d 578 [2001]; *Materia v Josephthal & Co.,* 133 AD2d 146 [1987]; *Matter of Torano [Motor Veh. Acc. Indem. Corp.],* 19 AD2d 356, 358 [1963], *affd* 15 NY2d 882 [1965]). The petitioner failed to establish any of those grounds (*see Matter of Domotor v State Farm Mut. Ins. Co.,* 9 AD3d 367 [2004]). In particular, because the petitioner was properly served with a notice of intention to arbitrate, but nonetheless failed to participate in the arbitration, there no basis upon which to vacate the arbitration award rendered against it upon its failure to participate (*see* CPLR 7511 [b] [2]; *Matter of Lurie v Sobus, supra* at 579; *Matter of Interboro Mut. Indem. Ins. Co. v Legros,* 205 AD2d 537 [1994]; *cf. Matter of Hanover Ins. Co. v Cannon Express Corp.,* 1 AD3d 358, 359 [2003]). Accordingly, the Supreme Court properly denied the petition to vacate the arbitration award. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.