■ In the Matter of MERCURY CASUALTY COMPANY, Appellant, v HEALTHMAKERS MEDICAL GROUP, P.C., Respondent. [888 NYS2d 762]—

In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated November 10, 2008, which confirmed an award of an arbitrator dated August 1, 2008, directing the payment of no-fault insurance benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated April 1, 2009, which denied the petition and dismissed the proceeding.

Ordered that the order is modified, on the law, by adding thereto a provision pursuant to CPLR 7511 (e) confirming the award dated August 1, 2008, as confirmed by the award of the master arbitrator dated November 10, 2008; as so modified, the order is affirmed, with costs payable by the petitioner, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly applied (*see Matter of Green v Liberty Mut. Ins. Co.*, 22 AD3d 755, 755-756 [2005]; *Matter of Domotor v State Farm Mut. Ins. Co.*, 9 AD3d 367 [2004]). Here, the petitioner failed to demonstrate the existence of any of the statutory grounds for vacating the master arbitrator's award. The arbitrator acted within her discretionary authority in refusing to entertain late submissions from the petitioner (*see* 11 NYCRR 65-4.2 [b] [3] [ii]). Moreover, the determination of the master arbitrator confirming the original arbitration award had evidentiary support and a rational basis, and was not arbitrary and capricious (*see Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 231-232 [1982]; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]; *Matter of American Express Prop. Cas. Co. v Vinci*, 63 AD3d 1055, 1056 [2009]; *Matter of Fireman's Fund Ins. Co. v Allstate Ins. Co.*, 46 AD3d 560, 561 [2007]; *Matter of Green v Liberty Mut. Ins. Co.*, 22 AD3d at 756; *Matter of Liberty Mut. Ins. Co. v Spine Americare Med.*, 294 AD2d 574, 575-576 [2002]).

Upon denying a motion to vacate or modify an arbitration award, the court must confirm the award (*see* CPLR 7511 [e];

*Larsen & Toubro Ltd. v Millenium Mgt., Inc.*, 45 AD3d 453 [2007]; *Matter of American Fed. Group v AFG Partners*, 277 AD2d 119, 120 [2000]). Thus, given this Court's affirmance herein of the Supreme Court's denial of the petition to vacate or modify the award, the award must be confirmed (*see* CPLR 7511 [e]).

The respondent's contentions regarding the imposition of sanctions (*see* 22 NYCRR 130-1.1) or for an award of attorney's fees pursuant to 11 NYCRR 65-4.6 (d) are without merit.

The petitioner's remaining contention need not be reached in light of our determination. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.