■ In the Matter of SCOTTSDALE INSURANCE COMPANY, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [966 NYS2d 896]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 28, 2011, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered August 24, 2012, which granted the petition and denied its cross motion to confirm the award.

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, the award is confirmed, the petition is denied, and the proceeding is dismissed.

Contrary to the appellant's contention, the proceeding was timely commenced. CPLR 7511 (a) states that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." Here, the arbitration award was rendered on September 28, 2011, and the only competent proof in the record demonstrates that it was delivered to the petitioner on October 31, 2011. Accordingly, the proceeding to vacate the arbitration award, which was commenced by the filing of a petition on January 9, 2012, was timely. However, the award was improperly vacated.

In order "[t]o be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of DiNapoli v Peak Automotive, Inc.*, 34 AD3d 674 [2006]). Additionally, the grounds specified in CPLR 7511 for vacating or modifying arbitration awards are limited in number and narrowly applied (*see Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d 1017 [2009]; *Matter of Green v Liberty Mut. Ins. Co.*, 22 AD3d 755, 755-756 [2005]; *Matter of Domotor v State Farm Mut. Ins. Co.*, 9 AD3d 367 [2004]).

Here, the petitioner failed to demonstrate any of the statutory grounds for vacating the arbitrator's award. Moreover, contrary to the petitioner's contention, the arbitrator's award had evidentiary support in the record, was supported by a "reason-

able hypothesis," and was not contrary to settled law (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas.& Sur. Co.*, 89 NY2d at 224; *see Matter of State Farm Mut. Auto. Ins. Co. v Lumbermens Mut. Cas. Co.*, 18 AD3d 762, 763 [2005]; *Matter of Hanover Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 226 AD2d 533 [1996]). Accordingly, it cannot be concluded as a matter of law that the arbitrator's award was arbitrary and capricious. Thus, the Supreme Court erred in granting the petition to vacate the award, and the cross motion to confirm the award should have been granted.

The petitioner's remaining contentions are without merit. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.