■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v WESTCHESTER MEDICAL GROUP, M.D., as Assignee of Carmen Carvajal, Respondent. [3 NYS3d 81]—

In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated July 23, 2012, confirming an award of an arbitrator dated April 5, 2012, the petitioner appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered March 18, 2013, which denied the petition and confirmed the master arbitrator's award.

Ordered that the order is affirmed, with costs.

In this case, the nonparty, Carmen Carvajal, allegedly was injured in a motor vehicle accident on February 22, 2011, and thereafter sought treatment from the Westchester Medical Group, incorrectly named herein as Westchester Medical Group, M.D. (hereinafter Westchester). As assignee of Carvajal, Westchester sought from her insurance carrier, the petitioner Allstate Insurance Company (hereinafter Allstate), no-fault benefits in the sum of $352.81 for medical services rendered to Carvajal. However, Allstate maintained that it had no duty to pay this sum since its request to Westchester for "additional

verification" allegedly remained outstanding (*see* 11 NYCRR 65-3.5 [f]). In an award dated April 25, 2012, the arbitrator concluded that Westchester did in fact comply with the requests for additional verification, and that Allstate "did not appear to be acting in good faith." That award was confirmed in an award issued by a master arbitrator on July 23, 2012. The Supreme Court denied Allstate's petition to vacate the master arbitrator's award and confirmed the award. We affirm.

"Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly applied" (*Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d 1017, 1017 [2009]; *see Matter of Green v Liberty Mut. Ins. Co.*, 22 AD3d 755, 755-756 [2005]; *Matter of Domotor v State Farm Mut. Ins. Co.*, 9 AD3d 367 [2004]). Here, Allstate failed to demonstrate the existence of any of the statutory grounds for vacating the master arbitrator's award. In addition, the determination of the master arbitrator confirming the original arbitration award had evidentiary support and a rational basis (*see Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 231-232 [1982]; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]; *Matter of Fireman's Fund Ins. Co. v Allstate Ins. Co.*, 46 AD3d 560, 561 [2007]). "It is not for [the court] to decide whether [the master] arbitrator erred [in applying the applicable law]" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 535 [2010]). Accordingly, the Supreme Court properly denied the petition and confirmed the award. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.