Matter of Acuhealth Acupuncture, P.C. v New York City Tr. Auth. (2018 NY Slip Op 08641)





Matter of Acuhealth Acupuncture, P.C. v New York City Tr. Auth.


2018 NY Slip Op 08641


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-04266
 (Index No. 9533/15)

[*1]In the Matter of Acuhealth Acupuncture, P.C., etc., appellant, 
v
New York City Transit Authority, respondent.


Gary Tsirelman, P.C., Brooklyn, NY, for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge, NY (Aaron E. Meyer of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, the petitioner appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated March 1, 2016. The order denied the petition to vacate the award of a master arbitrator and confirmed the master arbitrator's award.
ORDERED that the order is affirmed, with costs.
The petitioner commenced a no-fault arbitration proceeding seeking to recover $1,831.24 from the respondent for acupuncture treatments provided to its assignor between July 7, 2010, and January 19, 2011, following a motor vehicle accident on April 3, 2010. Following a no-fault arbitration hearing held on October 21, 2014, the arbitrator denied the petitioner's claim in its entirety, finding that the respondent had established that the policy had been exhausted at the time the last bill had been received, and therefore, under the no-fault regulations (see 11 NYCRR 65-4.10[a][2]), it would exceed her authority to award reimbursement in excess of the contractual limits of the policy.
The petitioner appealed the arbitrator's award to a master arbitrator, contending that the award was irrational, arbitrary, capricious, and incorrect as a matter of law. On April 28, 2015, the master arbitrator issued an award affirming the decision of the arbitrator. By notice of petition dated July 30, 2015, the petitioner moved to vacate the master arbitrator's award pursuant to CPLR 7511. By order dated March 1, 2016, the Supreme Court denied the petition to vacate the master arbitrator's award, and confirmed the award.
" Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly applied'" (Matter of Allstate Ins. Co. v Westchester Med. Group, M.D., 125 AD3d 649, 650, quoting Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017; see Matter of Singh v Allstate Ins. Co., 137 AD3d 1046, 1047; Matter of Chin v State Farm Ins. Co., 73 AD3d 918, 919). Here, the petitioner failed to demonstrate any ground for vacating the master arbitration award. The determination of the master arbitrator confirming the original arbitration award had evidentiary support and a rational basis (see 11 NYCRR 65-4.10[a][2]; Matter of Brijmohan v State [*2]Farm Ins. Co., 92 NY2d 821, 823; Countrywide Ins. Co. v Sawh, 272 AD2d 245, 245). " It is not for [the court] to decide whether the [master] arbitrator erred [in applying the applicable law]'" (Matter of Allstate Ins. Co. v Westchester Med. Group, M.D., 125 AD3d at 650, quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 535).
The petitioner's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and confirm the master arbitrator's award.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court