Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co. (2019 NY Slip Op 07245)





Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co.


2019 NY Slip Op 07245


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03465
 (Index No. 3132/16)

[*1]In the Matter of Acuhealth Acupuncture, P.C., etc., respondent, 
v
Country-Wide Ins. Co., appellant.


Jaffe & Koumourdas, LLP (Thomas Torto, New York, NY, of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated February 25, 2016, Country-Wide Ins. Co. appeals from a judgment of the Supreme Court, Kings County (Kathy J. King, J.), dated October 27, 2016. The judgment, upon an order of the same court dated October 26, 2016, granting the petition, vacating the master arbitrator's award dated February 25, 2016, and confirming the original arbitrator's award dated December 4, 2015, is in favor of the petitioner and against Country-Wide Ins. Co. in the total sum of $13,864.96.
ORDERED that the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of an additional attorney's fee to be awarded to the petitioner pursuant to Insurance Department Regulations (see 11 NYCRR 65-4.10[j][4]).
Acuhealth Acupuncture, P.C. (hereinafter Acuhealth), is the assignee of a claim for no-fault benefits for treatment it rendered to Massiel Olsen. After the carrier, Country-Wide Ins. Co. (hereinafter Country-Wide), denied the claim, Acuhealth submitted the claim to arbitration. The arbitrator, upon refusing to consider Country-Wide's defenses on the ground that Country-Wide's submissions to the arbitrator were late, with no excuse for their lateness, found in favor of Acuhealth. On Country-Wide's appeal, the master arbitrator vacated the award and issued a new award in favor of Country-Wide based on the defense that Acuhealth was fraudulently incorporated, which the original arbitrator had refused to consider on the ground that it was untimely submitted. Acuhealth then commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. The Supreme Court granted Acuhealth's petition, vacated the master arbitrator's award in favor of Country-Wide, and confirmed the original arbitrator's award in favor of Acuhealth. Country-Wide appeals.
An arbitrator acts within his or her discretionary authority by refusing to entertain late submissions (see Matter of Global Liberty Ins. Co. v Coastal Anesthesia Servs., LLC, 145 AD3d 644, 645; Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017; Matter of Green v Liberty Mut. Ins. Co., 22 AD3d 755, 756). Here, in rejecting the original arbitrator's proper exercise of his discretionary authority, and in passing, de novo, upon factual questions concerning the validity of Country-Wide's defense that Acuhealth was fraudulently [*2]incorporated (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 320-321), the master arbitrator exceeded his power (see Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 230-231; Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725). Accordingly, we agree with the Supreme Court's determination to vacate the master arbitrator's award and confirm the original arbitrator's award in favor of Acuhealth.
Moreover, as Acuhealth contends and Country-Wide concedes, Acuhealth is entitled to an attorney's fee for this appeal pursuant to 11 NYCRR 65-4.10(j), to be fixed by the Supreme Court (see Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C., 167 AD3d 404, 405; Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407, 408; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 706). The matter is therefore remitted to the Supreme Court, Kings County, for that purpose.
Acuhealth's remaining contention is without merit.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court