Matter of Fill Rx NY, Inc. v LM Gen. Ins. Co. (2025 NY Slip Op 04785)

Matter of Fill Rx NY, Inc. v LM Gen. Ins. Co.

2025 NY Slip Op 04785

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-02539
 (Index No. 604708/23)

[*1]In the Matter of Fill Rx NY, Inc., etc., appellant,
v
LM General Insurance Company, respondent.

Roman Kravchenko, Melville, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate an award of a master arbitrator dated March 20, 2023, which confirmed an award of an arbitrator dated January 24, 2023, denying a claim for no-fault insurance benefits, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Conrad D. Singer, J.), dated January 25, 2024. The judgment, upon an order of the same court dated October 4, 2023, denying the petition, is in favor of the respondent and against the petitioner dismissing the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
On March 21, 2023, the petitioner, Fill Rx NY, Inc. (hereinafter Fill Rx), commenced this proceeding pursuant to CPLR article 75, inter alia, to vacate an award of a master arbitrator dated March 20, 2023 (hereinafter the March 2023 master arbitration award), confirming an arbitration award dated January 24, 2023 (hereinafter the January 2023 arbitration award), which, after a hearing, denied a claim by Fill Rx for no-fault benefits in the sum of $4,151.53 against the respondent, LM General Insurance Company (hereinafter LM General).
The January 2023 arbitration award arose out of a no-fault arbitration proceeding commenced by Fill Rx against LM General to recover the sum of $4,151.53 for pharmaceutical products Fill Rx provided to its assignor in connection with a motor vehicle accident in July 2021. The arbitrator denied Fill Rx's claim in its entirety based on LM General's contention that the limits of the no-fault coverage under its insurance policy had been exhausted.
Fill Rx appealed the January 2023 arbitration award to a master arbitrator, contending that the award was irrational, arbitrary and capricious, and incorrect as a matter of law. Thereafter, the master arbitrator issued the March 2023 master arbitration award, confirming the January 2023 arbitration award. By order dated October 4, 2023, the Supreme Court denied the petition, inter alia, to vacate the March 2023 master arbitration award. A judgment dated January 25, 2024, was entered upon the order in favor of LM General and against Fill Rx dismissing the proceeding.
"'Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly applied'" (Matter of Allstate Ins. Co. v Westchester Med. Group, M.D., 125 AD3d 649, 650, quoting Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017; see Matter of Singh v Allstate Ins. Co., 137 AD3d 1046, 1047). "'It is not for [the court] to decide whether the [*2][master] arbitrator erred [in applying the applicable law]'" (Matter of Allstate Ins. Co. v Westchester Med. Group, M.D., 125 AD3d at 650, quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 535).
Here, Fill Rx failed to demonstrate any ground for vacating the March 2023 master arbitration award. The determination of the master arbitrator confirming the January 2023 arbitration award had evidentiary support and a rational basis (see 11 NYCRR 65-4.10[a][2]; Matter of Acuhealth Acupuncture, P.C. v New York City Tr. Auth., 167 AD3d 869, 870; Countrywide Ins. Co. v Sawh, 272 AD2d 245, 245).
Fill Rx's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court