■ In the Matter of MICHAEL RUOCCO, an Infant, by His Mother and Natural Guardian, JoANN RUOCCO, Respondent, v LIBERTY MUTUAL INSURANCE Co., Appellant.—In a proceeding pursuant to CPLR 7511 to vacate a no-fault arbitration award, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 15, 1985, as, upon reargument, granted the application to the extent of directing a rehearing before a new arbitrator.

Ordered that the order is reversed, on the law, with costs, and the award of the master arbitrator is confirmed.

On May 21, 1983, Stephen Casales, the insured of Liberty Mutual Insurance Co. (hereinafter Liberty Mutual), went to the Ruocco home to perform construction work. Casales

backed his van into the driveway, parked legally, engaged the emergency brake and turned off the engine. The van's gears were still in reverse. He unloaded tools and bags of cement from the back of the van and commenced work. The petitioner's feet were run over by the van 2 to 3 hours later. No acceptable evidence explained why the van moved from its initial position. Liberty Mutual denied no-fault coverage benefits.

The policy provides for coverage if the vehicle is in "use or operation" at the time of the incident. The arbitrator found that it was not and thus denied no-fault coverage. The master arbitrator confirmed the award. Special Term also confirmed the award, but upon reargument vacated it and ordered a rehearing before a new arbitrator (CPLR 7511 [d]).

In a compulsory arbitration proceeding where the claimed error is, as here, one of law, the master arbitrator's award will not be upset unless it is so "irrational as to require vacatur" (Matter of Smith [Fireman's Ins. Co.], 55 NY2d 224; see, Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207). The arbitrators' findings were not irrational, arbitrary and capricious, or contrary to law (see, 12 Couch, Cyclopedia of Insurance Law § 45:321 [2d ed]; cf., McConnell v Fireman's Fund Am. Ins. Co., 49 AD2d 676). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.