■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v SPINE AMERICARE MEDICAL, P.C., Appellant. [743 NYS2d 144] —In a proceeding pursuant to CPLR article 75 to vacate the award of a master arbitrator, dated April 26, 2001, and amended May 28, 2001, which set aside an award of an arbitrator, dated February 5, 2001, Spine Americare Medical P.C., appeals from a judgment of the Supreme Court, Nassau County (Parga, J.), dated November 7, 2001, which granted the petition, vacated the award of the master arbitrator, and reinstated and confirmed the award dated February 5, 2001, denying the appellant's claim for fees for medical services rendered.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the award of the master arbitrator is reinstated and confirmed, and the matter is remitted to the Supreme Court, Nassau County, to determine the appellant's right to an award of an attorney's fee pursuant to 11 NYCRR 65.17 (b) (6) (iv).

On January 7, 1999, the appellant, as assignee of Felicia DiRusso, filed a claim with the petitioner, a no-fault insurance carrier, to recover the costs of medical services rendered on December 14, 1998. On February 15, 1999, the petitioner insurance carrier denied the claim on the ground that the appellant's assignor failed to appear for two physiatric examinations on February 2, 1999, and February 11, 1999, respectively. The matter was submitted to arbitration.

The arbitrator denied the claim, on grounds that (1) the appellant's assignor failed to appear at those examinations, (2)

the appellant's assignor failed to appear at a chiropractic examination scheduled for February 18, 1999, and (3) the appellant failed to establish, prima facie, that the medical services it sought to recover payment for were medically necessary. The arbitrator found that the assignor's unrefuted testimony that she failed to appear for the February 11, 1999, examination because the physiatrist's office informed her that the doctor would not be available and the examination would have to be rescheduled was not credible.

The appellant sought review by a master arbitrator. The master arbitrator set aside the arbitrator's determination, and granted the appellant's claim. In his initial award, the master arbitrator found that once the insurance carrier denied the claim on February 15, 1999, it waived any right to further medical examinations. In an amended award, which reached the same result, the master arbitrator noted that the insurance carrier "based its denial of benefits *solely* on the failure" of the assignor to attend the physiatrist's examination. The master arbitrator found that such a failure could be a valid basis for the denial of benefits, but was not a valid ground for the denial of the claim in this case. On the facts, the master arbitrator found that the arbitrator's refusal to credit the assignor's testimony was arbitrary and capricious. On the law, the master arbitrator held that such a denial could not be applied retroactively to "an assignee in fact at the time of the denial" for medical services already rendered.

The petitioner insurance carrier commenced the instant proceeding to set aside the determination of the master arbitrator, and for any such further relief which the court deemed just and proper. The Supreme Court granted the petition, set aside the determination of the master arbitrator, and confirmed the original arbitration awarded, on the grounds that the master arbitrator exceeded his powers by weighing the evidence, reviewing the credibility of witnesses, and making his own factual determinations. We reverse, and reinstate the determination of the master arbitrator.

A master arbitrator has the authority to vacate or modify an arbitration award based upon a ground set forth in CPLR article 75 (*see* 11 NYCRR 65.19 [a] [1]). The power of the master arbitrator to review factual and procedural issues is limited to "whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis" (*Matter of Petrofsky,* 54 NY2d 207, 211). If the determination of the arbitrator is challenged based upon an alleged factual error, the master arbitrator must uphold the determination if it has

a rational basis (*see Matter of Richardson v Prudential Prop. & Cas. Ins. Co.,* 230 AD2d 861).

However, pursuant to 11 NYCRR 65.19 (a) (4), the review powers of the master arbitrator include the power to determine if the arbitrator's award was "incorrect as a matter of law" (*Matter of Smith,* 55 NY2d 224, 231; *see Matter of Petrofsky, supra* at 211). If the master arbitrator vacates the arbitrator's award based upon an alleged error of "a rule of substantive law," the determination of the master arbitrator must be upheld unless it is irrational (*Matter of Smith, supra* at 232).

The master arbitrator's factual analysis of the arbitrator's determination went beyond the scope of his review. The arbitrator's refusal to credit unrefuted testimony may not be characterized as arbitrary and capricious (*see e.g. Matter of Kindberg,* 207 NY 220). In so doing, the master arbitrator improperly reviewed the credibility of the evidence (*see Matter of Richardson v Prudential Prop. & Cas. Ins. Co., supra*).

However, the master arbitrator's legal analysis of the arbitrator's determination was within the scope of the master arbitrator's review powers (*see* 11 NYCRR 65.19 [a] [4]).

A master arbitrator may set aside an arbitration award which is based upon matters not cited by the insurance carrier as reasons for denying the claim (*see Matter of Aetna Cas. & Sur. Co.,* 225 AD2d 983, 984). In the instant case, the master arbitrator correctly noted that the insurance carrier "based its denial of benefits *solely* on the failure" of the assignor to attend medical examinations requested by the insurance carrier. Thus, it was improper for the arbitrator to uphold the denial on the ground of no medical necessity.

Additionally, the master arbitrator found, as a matter of law, that the denial of benefits could not be applied retroactively to the appellant assignee, who rendered services before the assignor failed to attend the scheduled physiatrist's examinations, and before those examinations were even scheduled.

A master arbitrator's determination that the arbitrator incorrectly applied substantive law may not be set aside, unless it is irrational (*see Matter of Smith, supra* at 232). There is precedent for barring the obligor from asserting defenses against an innocent assignee which arose subsequent to notice of the assignment (*see Allstate Ins. Co. v McNamara & Sons,* 1 F3d 133; General Obligations Law § 13-105). In the instant case, the assignment was made on the date of service, December 14, 1998, prior to the scheduled examinations. A copy of the assignment was included in the claim to the insurance carrier, received on January 7, 1999. Accordingly, it is clear from the

record that the petitioner insurance carrier had notice of the assignment before it scheduled the examinations.

The master arbitrator's determination of the law need not be correct: mere errors of law are insufficient to set aside the award of a master arbitrator (*see Matter of Carty v Nationwide Ins. Co.,* 212 AD2d 462; *Matter of Ruocco v Liberty Mut. Ins. Co.,* 128 AD2d 537). On questions of substantive law, the determination of the master arbitrator must be upheld if, as here, there is a rational basis for the determination (*see Matter of Furstenberg,* 49 NY2d 757, 759; *Matter of Gravenese v Allstate Ins. Co.,* 245 AD2d 507).

Accordingly, the judgment must be reversed, and the determination of the master arbitrator reinstated. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.