■ In the Matter of DONNA COLON, Appellant, v GEICO, Respondent. [794 NYS2d 431]—

In a proceeding pursuant to CPLR article 75 to vacate the award of a master arbitrator dated January 31, 2003, which set aside an award of an arbitrator dated October 30, 2002, the petitioner appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated April 5, 2004, as, upon reargument, adhered to its prior determination denying her motion to vacate the dismissal of the proceeding as premature and to restore the proceeding to the calendar.

Ordered that the order is modified, on the law, by adding thereto a provision confirming the master arbitrator's award and dismissing the proceeding on the merits; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

The Supreme Court erred in marking the proceeding "off" the calendar on the ground that it was premature since the award of the master arbitrator was ripe for review by the Supreme Court (*see* 11 NYCRR 65.19 [i]).

However, the petition should have been denied since the master arbitrator did not exceed his power and his determination was not irrational. Pursuant to 11 NYCRR 65.19 (a) (4), the review powers of the master arbitrator include the power to determine if the arbitrator's award was "incorrect as a matter of law" (*Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 231 [1982]; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]). If the master arbitrator vacates the arbitrator's award based upon an alleged error of a rule of substantive law, the determination of the master arbitrator must be upheld unless it is irrational (*see Matter of Smith, supra* at 232; *Matter of Liberty Mut. Ins. Co. v Spine Americare Med., P.C.*, 294 AD2d 574, 576 [2002]).

The master arbitrator determined that, in calculating "basic economic loss," the petitioner's "loss of earnings" from work which she would have performed had she not been injured should have been limited to the petitioner's actual level of earnings at the time of the accident, including future earnings reasonably projected (*see* 11 NYCRR 65.15 [o] [2] [iii]; Insurance Law § 5102 [a] [2]; *Hughes v Nationwide Mut. Ins. Co.*, 98 Misc 2d 667, 671 [1979]). This determination had a rational basis (*see Matter of Furstenberg [Aetna Cas. & Sur. Co.]*, 49 NY2d 757, 759 [1980]; *Matter of Liberty Mut. Ins. Co. v Spine Americare Med., P.C., supra*). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.