■ In the Matter of ACUHEALTH ACUPUNCTURE, P.C., as Assignee of Louis Quadina, Respondent, v COUNTRY-WIDE INS. Co., Appellant. [52 NYS3d 123]—

In a proceeding pursuant to CPLR 7511 to vacate an award of a master arbitrator dated November 27, 2013, which vacated an arbitration award dated August 28, 2013, awarding the

petitioner, inter alia, reimbursements totaling $626.81 for acupuncture treatments, Country-Wide Ins. Co. appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated December 15, 2014, which granted the petition, vacated the award of the master arbitrator, and reinstated and confirmed the award of the arbitrator.

Ordered that the order is reversed, on the law, with costs, the award of the master arbitrator is reinstated and confirmed, and the petition is denied.

"The power of [a] master arbitrator to review factual and procedural issues is limited to 'whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis' " (*Matter of Liberty Mut. Ins. Co. v Spine Americare Med.*, 294 AD2d 574, 575 [2002], quoting *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]). "If the determination of the arbitrator is challenged based upon an alleged factual error, the master arbitrator must uphold the determination if it has a rational basis" (*Matter of Liberty Mut. Ins. Co. v Spine Americare Med.*, 294 AD2d at 575-576). "However, pursuant to 11 NYCRR 65.19 (a) (4), the review powers of the master arbitrator include the power to determine if the arbitrator's award was 'incorrect as a matter of law' " (*id.* at 576, quoting *Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 231 [1982]; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d at 211). "If the master arbitrator vacates the arbitrator's award based upon an alleged error of 'a rule of substantive law,' the determination of the master arbitrator must be upheld unless it is irrational" (*Matter of Liberty Mut. Ins. Co. v Spine Americare Med.*, 294 AD2d at 576, quoting *Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d at 232). Here, the master arbitrator correctly found that the arbitrator had erroneously held that the carrier's claim of fraudulent incorporation (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 322 [2005]), was precluded because it was not raised in a timely denial (*see Lexington Acupuncture, P.C. v General Assur. Co.*, 35 Misc 3d 42, 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; *Multiquest, P.L.L.C. v Allstate Ins. Co.*, 17 Misc 3d 37, 38-39 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). The master arbitrator's award setting aside the arbitrator's award based on that erroneous refusal to consider the claim of fraudulent incorporation was not irrational. Accordingly, the Supreme Court erred in granting the petition to vacate the award of the master arbitrator (*cf. Matter of Singh v Allstate Ins. Co.*, 137 AD3d 1046, 1047 [2016]). Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.