Matter of Progressive Cas. Ins. Co. (Elite Med. Supply of N.Y., LLC) (2018 NY Slip Op 04122)





Matter of Progressive Cas. Ins. Co. (Elite Med. Supply of N.Y., LLC)


2018 NY Slip Op 04122


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


307 CA 17-01659

[*1]PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE ADVANCED INSURANCE COMPANY, PROGRESSIVE AMERICAN INSURANCE COMPANY, PROGRESSIVE MAX INSURANCE COMPANY, PROGRESSIVE NORTHERN INSURANCE COMPANY, PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY AND PROGRESSIVE SPECIALTY INSURANCE COMPANY, PETITIONERS-APPELLANTS, AND ELITE MEDICAL SUPPLY OF NEW YORK, LLC, RESPONDENT-RESPONDENT. 






MURA & STORM, PLLC, BUFFALO (ROY A. MURA OF COUNSEL), FOR PETITIONERS-APPELLANTS.
NIXON PEABODY LLP, BUFFALO (SHELDON K. SMITH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 20, 2017 in a proceeding pursuant to CPLR article 75. The order denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners issued a number of personal automobile insurance policies that included a Mandatory Personal Injury Protection Endorsement. Respondent, a company that supplies durable medical equipment including a Multi-Mode Stimulator Kit (Kit), supplied the Kit to various patients insured by petitioners. After the patients assigned to respondent their rights under the policies, respondent sought reimbursement from petitioners on behalf of those patients. Petitioners sought information by an informational demand in the form of verification requests, as provided under the 120-day rule (see 11 NYCRR 65-3.8 [b] [3]), including respondent's acquisition costs and other pricing information for the Kit. Respondent refused to provide that information within the 120 days as required under the rule, maintaining that disclosure thereof would expose trade secrets or proprietary information. In addition, respondent took the position that, when the supplier of the equipment is also the manufacturer of the equipment, the reimbursement is "the usual and customary price charged to the general public" and thus the information requested by petitioners was not necessary for reimbursement. Thereafter, petitioners denied respondent's claims and, at respondent's request, the parties proceeded to mandatory arbitration. The arbitrator issued 14 identical awards denying each of respondent's claims. Respondent appealed the arbitrator's awards to the master arbitrator, who vacated the arbitrator's awards and remitted the matters for new hearings.
Petitioners filed the instant CPLR article 75 proceeding seeking to vacate the master arbitration awards, alleging that the master arbitrator, among other things, exceeded his authority. Supreme Court disagreed, and denied the petition. We affirm.
The "role of the master arbitrator is to review the determination of the arbitrator to assure that the arbitrator reached his [or her] decision in a rational manner, that the decision was not arbitrary and capricious . . . , incorrect as a matter of law . . . , in excess of the policy limits . . . or in conflict with other designated no-fault arbitration proceedings" (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212 [1981]). This power "does not include the power to review, de novo, the matter originally presented to the arbitrator" (Matter of Allstate Ins. Co. v Keegan, 201 AD2d 724, 725 [2d Dept 1994]). Here, we agree with the court that the master arbitrator properly exercised his authority and limited his review of the arbitrator's awards to assessing whether the awards were incorrect as a matter of law (see Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 231 [1982]; Petrofsky, 54 NY2d at 210-211). In his awards, the master arbitrator found that the arbitrator had misapplied the 120-day rule, reasoning that, pursuant to that rule, a claimant who responds within the requisite 120-day period with a "reasonable justification" is permitted to have that objection decided by the arbitrator and, if overruled by the arbitrator, is to be afforded the opportunity to produce the requested information and allow the insurer to base its decision on such information (11 NYCRR 65-3.8 [b] [3]). Contrary to petitioners' contention, the master arbitrator did not impermissibly perform a de novo review of the evidence. Rather, the master arbitrator vacated the arbitrator's awards based on "an alleged error of a rule of substantive law" (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828, 829 [2d Dept 2017] [internal quotation marks omitted]). Thus, we conclude that the court's decision to uphold the master arbitrator's awards in this case was rational (cf. id.).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court