Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co. (2019 NY Slip Op 02338)





Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co.


2019 NY Slip Op 02338


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-03464
 (Index No. 118/14)

[*1]In the Matter of Acuhealth Acupuncture, P.C., etc., respondent, 
v
Country-Wide Ins. Co., appellant.


Jaffe & Koumourdas, LLP (Thomas Torto, New York, NY [Jason Levine], of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 7511 to vacate an award of a master arbitrator dated October 3, 2013, which vacated an arbitration award in favor of the petitioner, Country-Wide Ins. Co. appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated August 27, 2014. The judgment, upon an order of the same court dated June 5, 2014, granting the petition to vacate the master arbitration award, is in favor of the petitioner and against Country-Wide Ins. Co. in the total sum of $8,887.96.
ORDERED that the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
"A master arbitrator's determination that the arbitrator incorrectly applied substantive law may not be set aside, unless it is irrational" (Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d 574, 576; see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828, 829). "The master arbitrator's determination of the law need not be correct: mere errors of law are insufficient to set aside the award of a master arbitrator" (Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d at 577). "If the master arbitrator vacates the arbitrator's award based upon an alleged error of a rule of substantive law,' the determination of the master arbitrator must be upheld unless it is irrational" (id. at 576; see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d at 829). Here, we agree with the Supreme Court's determination vacating the master arbitrator's determination, as there was no rational basis to support it.
The petitioner is entitled to reasonable attorneys' fees for this appeal (see 11 NYCRR 65-4.10[j][4]; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705). Accordingly, we must remit the matter to the Supreme Court, Kings County, to determine the petitioner's reasonable attorneys' fees for this appeal (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705; Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407, 408).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court