Matter of County of Nassau v Nassau County Investigators Police Benevolent Assn., Inc. (2022 NY Slip Op 01454)





Matter of County of Nassau v Nassau County Investigators Police Benevolent Assn., Inc.


2022 NY Slip Op 01454


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03189
 (Index No. 610483/18)

[*1]In the Matter of County of Nassau, respondent,
v
Nassau County Investigators Police Benevolent Association, Inc., appellant.


Davis & Ferber, LLP, Islandia, NY (Alex J. Kaminski and David A. Davis of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Stephen L. Martir and Peter A. Bee of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated July 23, 2018, the Nassau County Investigators Police Benevolent Association, Inc., appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 7, 2019. The order granted the petition to vacate the award, denied the cross petition of the Nassau County Investigators Police Benevolent Association, Inc., to confirm the award, and remitted the matter for a rehearing and determination before a different arbitrator.
ORDERED that the order is affirmed, with costs.
In April 2016, the Nassau County District Attorney's Office (hereinafter the NCDA) commenced an investigation into alleged corruption in the Town of Oyster Bay. On July 15, 2016, the NCDA obtained an eavesdropping warrant authorizing the interception, monitoring, and recording of telephonic and electronic communications of certain public officials within the Town of Oyster Bay. The NCDA implemented various controls to ensure the confidentiality of the investigation as certain targets were elected officials. One control was to select only 14 of the 37 investigators who were part of the Nassau County Investigators Police Benevolent Association, Inc. (hereinafter the Union), to monitor the surveillance pursuant to the eavesdropping warrant. The NCDA purposefully excluded members of the Union's executive board due to their frequent contact with elected officials regarding contract negotiations. Investigator Michael Falzarano was excluded from working on the investigation as he was the president of the Union.
On June 29, 2017, the NCDA terminated Falzarano's employment for alleged misconduct in connection with the investigation. The NCDA enumerated four charges setting forth Falzarano's alleged misconduct. Falzarano, through the Union's counsel, demanded a disciplinary arbitration pursuant to the Union's collective bargaining agreement (hereinafter CBA) with the County of Nassau.
In November 2017, the Union filed a "Motion to Dismiss and Motion in Limine," in which it requested that the arbitrator dismiss all disciplinary charges against Falzarano due to the [*2]NCDA's allegedly illegal activity in "using sealed wiretap evidence to conduct an internal investigation, prefer Disciplinary Charges, and prepare for arbitration" or, alternatively, exclude all wiretap evidence from the arbitration. The parties agreed to bifurcate the issues raised in the Union's motion, with the arbitrator first ruling on that branch of the motion which sought to exclude the wiretap evidence on the basis of hearsay. In an "Opinion and Order in Limine" dated December 21, 2017, the arbitrator granted that branch of the Union's motion which was to exclude the wiretap evidence on the basis of hearsay.
In an "Opinion and Order on Motion to Dismiss" dated July 23, 2018 (hereinafter the arbitration award), the arbitrator granted that branch of the Union's motion which was to dismiss charges 1 and 2. In support of his determination, the arbitrator explained, inter alia, that the NCDA violated Penal Law § 250.20 by divulging the existence and the contents of the eavesdropping warrant in connection with Falzarano's disciplinary arbitration proceeding. Accordingly, the arbitrator dismissed charge 2, as it relied "entirely upon the wiretap evidence and its fruits." The arbitrator also dismissed charge 1, as it was "inextricably linked to the wiretap evidence and its fruits." The arbitrator denied that branch of the Union's motion which was to dismiss charges 3 and 4, as it was not clear that those charges relied on "excluded evidence or its fruits." However, the arbitrator directed the NCDA to restore Falzarano to his employment with full back pay and benefits during the pendency of the arbitration proceeding, because the allegations in charges 3 and 4 did not warrant summary termination.
The County commenced the instant proceeding pursuant to CPLR article 75 to vacate the arbitration award on the ground that it was irrational, exceeded the arbitrator's powers, and violated public policy. The Union cross-petitioned to confirm the arbitration award.
In an order entered January 7, 2019, the Supreme Court granted the County's petition and denied the Union's cross petition on the basis that the award was irrational and the arbitrator exceeded the scope of his authority pursuant to the CBA. Accordingly, the court vacated the arbitration award and remitted the matter for rehearing and determination before a different arbitrator. The Union appeals.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). An arbitration award may be vacated where an arbitrator exceeds his or her power (see CPLR 7511[b][1][iii]). Arbitrators exceed their power only when they issue an award that "violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (American Intl. Specialty Lines Ins. Co. v. Allied Capital Corp., 35 NY3d 64, 70 [internal quotation marks omitted]; Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90; Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 811-812).
Here, the Supreme Court properly granted the petition to vacate the arbitration award and denied the cross petition to confirm the award on the basis that it was irrational and the arbitrator clearly exceeded a specifically enumerated limitation on his power (see CPLR 7511[b][1]; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d at 70). The CBA provided that the arbitrator had no authority to modify the CBA and that the arbitrator "shall only decide whether misconduct or incompetence existed and, if so, the appropriate penalty permitted by [the CBA]" (emphasis added). With respect to charges 1 and 2, the arbitrator clearly exceeded the specifically enumerated limitations on his power by failing to consider whether Falzarano committed the acts alleged in those charges and, instead, determining that the NCDA violated the law in disclosing wiretap evidence in pursuing disciplinary action against Falzarano (see Matter of O'Flynn [Monroe County Deputy Sheriffs' Assn., Inc.], 141 AD3d 1097, 1099; see generally Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91). The court also properly determined that the arbitrator's dismissal of charge 1 was irrational, as there was no logical relationship between the allegations in that charge and the arbitrator's finding that it was inextricably linked to the wiretap evidence (see Matter of Local 342 v Town of Huntington, 52 AD3d 720, 721).
Upon vacating an arbitration award, "the court may order a rehearing and [*3]determination of all or any of the issues either before the same arbitrator or before a new arbitrator" (CPLR 7511[d]). "[I]t is within the court's discretion to remit an arbitration matter to the same or a different arbitrator" (Matter of Wydra v Brach, 114 AD3d 865, 866; see Matter of O'Flynn [Monroe County Deputy Sheriffs' Assn., Inc.], 141 AD3d at 1099; East Ramapo Cent. School Dist. v East Ramapo Teachers Assn., 108 AD2d 717). Contrary to the Union's contention, the Supreme Court providently exercised its discretion in remitting the proceeding to be heard before a different arbitrator (see Matter of O'Flynn [Monroe County Deputy Sheriffs' Assn., Inc.], 141 AD3d at 1099).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court