Matter of Advanced Orthopaedics, PLLC v Country-Wide Ins. Co. (2022 NY Slip Op 02406)

Matter of Advanced Orthopaedics, PLLC v Country-Wide Ins. Co.

2022 NY Slip Op 02406

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-13908
 (Index No. 605935/18)

[*1]In the Matter of Advanced Orthopaedics, PLLC, etc., appellant, 
v
Country-Wide Insurance Company, respondent.

Law Office of Jonathan B. Seplowe, P.C., Malverne, NY (Alan M. Elis of counsel), for appellant.
Jaffe & Velazquez, LLP, New York, NY (Thomas Torto of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated April 10, 2018, which vacated an arbitration award in favor of the petitioner, and to confirm the arbitration award, the petitioner appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 2, 2018. The order denied the petition.
ORDERED that the order is reversed, on the law, with costs, the petition to vacate the award of the master arbitrator dated April 10, 2018, is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
"[A] master arbitrator's determination of the law need not be correct: mere errors of law are insufficient to set aside the award of a master arbitrator" (Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d 574, 577). "If the master arbitrator vacates the arbitrator's award based upon an alleged error of 'a rule of substantive law,' the determination of the master arbitrator must be upheld unless it is irrational" (id. at 576 [internal quotation marks omitted]; see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168).
The Supreme Court erred in denying the petition, inter alia, to vacate the award of the master arbitrator, as there was no rational basis to support the award. The master arbitrator's determination that a denial of liability based upon a failure to appear at an examination under oath constitutes a defense of lack of coverage, which is not subject to preclusion, is irrational (see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d at 1168; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1046-1047). Further, the master arbitrator's application of 11 NYCRR 65-3.5(p) is irrational, as it effectively allows an insurer to avoid the statutory timeliness requirements set forth in 11 NYCRR 65-3.8(a). Where, as here, the initial request for an examination under oath is sent more than 30 days after receipt of the claim, the request is a nullity (see Excel Prods., Inc. v Farmington Cas. Co., 71 Misc 3d 137[A], 2021 NY Slip Op 50441[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]), and the insurer's failure to timely notice the examination under oath is not excused by 11 NYCRR 65-3.5(p) (see American Transit Ins. Co. v Foster, 2019 NY Slip Op 30746[U], *4 [Sup Ct, NY County]; cf. Z.M.S. & Y. Acupuncture, P.C. v. [*2]Geico Gen. Ins. Co., 56 Misc 3d 926, 930 [Civ Ct, Kings County]).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court