| |
|---|
| **Matter of Country-Wide Ins. Co. v Scob, LLC** |
| 2024 NY Slip Op 33282(U) |
| September 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655876/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                      PART                 56M

                                                        *Justice*

-------------------------------------------------------------------------------X

In the Matter of                                        INDEX NO.        655876/2023

COUNTRY-WIDE INSURANCE COMPANY,                         MOTION DATE      07/12/2024

                          Petitioner,                   MOTION SEQ. NO.       001

                    - v -

SCOB, LLC,                                              **DECISION, ORDER, AND**
                                                        **JUDGMENT**

                          Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Country-Wide Insurance Company (Country-Wide) petitions pursuant to CPLR 7511(b)(1)(iii) to vacate the award of a master arbitrator dated October 18, 2023, which had vacated the award of a lower arbitrator dated July 19, 2023, and remitted the matter to that lower arbitrator to address legal issues relevant to the claim that had not properly been considered. The lower arbitrator's award had denied no-fault motorist benefits to the respondent SCOB, LLC (SCOB), as assignee of Glenda Rajnauth, on the ground that an independent medical examination (IME) that had been conducted on behalf of Country-Wide, six months prior to the services rendered by SCOB, established that those services were not medically necessary. Country-Wide requests the court, upon vacatur, to reinstate the award of the lower arbitrator. SCOB opposes the petition. The petition is denied. Upon the denial of the petition, the October 18, 2023 award of the master arbitrator is confirmed, and the parties shall proceed to further arbitration before the lower arbitrator, as directed by the master arbitrator.

On November 27, 2021, Rajnauth, who was then a passenger in a motor vehicle insured by County-Wide, was injured in an accident. She made claim upon Country-Wide for first-party,

655876/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC                     Page 1 of 8
Motion No. 001

1 of 8

no-fault medical benefits. On February 17, 2022, orthopedic surgeon William B. Walsh, M.D., conducted an IME of Rajnauth on behalf of Country-Wide. On February 27, 2022, Country-Wide apparently terminated Rajnauth's right to recover further no-fault benefits based on the IME, although there is no evidence in the parties' submissions that Country-Wide notified Rajnauth or any of her known health-care providers of that determination.

On August 12, 2022, Rajnauth underwent a right-knee arthroscopy at a medical facility operated by SCOB. On September 8, 2022, SCOB submitted a claim to Country-Wide, in the sum of $8,915.98, for reimbursement of a facility fee related to the services that it had rendered to Rajnauth. Country-Wide received SCOB's invoice on September 13, 2022, and denied its claim on September 19, 2022, although Country-Wide apparently did not notify Rajnauth herself of the denial. On November 29, 2022, Country-Wide issued a global denial formally terminating Rajnauth's right to recover any further no-fault benefits in connection with the subject accident.

After Country-Wide declined to pay SCOB's claim, SCOB sought arbitration before the American Arbitration Association (AAA). A lower arbitrator acting under the auspices of AAA conducted an arbitration hearing on July 6, 2023. In an award dated July 19, 2023, the lower arbitrator found against SCOB and in favor of Country-Wide, and denied SCOB's claim for reimbursement. In her award, the lower arbitrator explained that SCOB made

> "a prima facie showing of entitlement to payment by submission of the requisite documentation. Once applicant has established a prima facie case, the burden then shifts to respondent to establish a lack of medical necessity with respect to the benefits sought. *See, Citywide Social Work & Psychological Services, PLLC v. Allstate Ins. Co.*, 8 Misc3d 1025A (2005). A denial premised on lack of medical necessity must be supported by competent evidence such as an IME, peer review or other proof which sets forth a factual basis and medical rational for denying the claim. *See, Healing Hands Chiropractic, P.C. v. Nationwide Assur. Co.*, 5 Misc3d 975 (2004). The basis of the denial here was an independent medical examination performed by Dr. William Walsh on 2/17/22, terminating benefits effective 2/27/22.

> "Dr. Walsh notes the E[ligible] I[njured] P[arty] was seen at Franklin General Hospital and then started receiving physical therapy 2 to 3 times a week. At the IME, her present complaints are listed as 'she sustained injuries to her neck, low back, and shoulders.' That the EIP was working as a banker and returned to work on 1/10/22. She was a healthy appearing 66-year-old lady with a normal

655876/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC
Motion No.  001

Page 2 of 8

2 of 8

[* 2]

gait and good posture. His report notes that there were no medical records given to him in conjunction with this IME. Due to her listed complaints at the IME, the doctor examined the cervical and lumbar spine and bilateral shoulders. He opined that those strains had resolved. The IME was normal. It is noted that there was no examination of the right knee. This claim seeks reimbursement for a facility fee incurred in connection with a right knee surgery of 8/12/22, six months post IME.

"I have listened to the arguments and evaluated the evidence. Although applicant argues that the IME defense is untimely, I find it is not. The IME was negative. The EIP had no complaints to the right knee at the time of the IME. I am not presented with any contemporaneous medical reports that indicate troubles with the right knee subsequent to the accident and at or about the time of the IME. I find the respondent has met [its] burden. This has not been overcome. The claim is denied."

SCOB appealed the lower arbitrator's award to a master arbitrator. In an award dated October 18, 2023, the master arbitrator vacated the lower arbitrator's award, and remitted the matter back to the lower arbitrator to consider and determine (a) whether an insurer such as Country-Wide was required to notify both Rajnauth and her known health-care providers of any impending termination of further no-fault benefits, (b) whether, on or before the August 12, 2022 date of service, SCOB was a provider "known" to Country-Wide, and (c) whether Rajnauth ever received proper notice of the impending termination of benefits prior to the November 29, 2022 issuance of the global denial, particularly in light of the lack of evidence that she ever received notification of the specific September 19, 2022 denial of SCOB's claim. He also directed the lower arbitrator to determine

"[a]ny other factual and legal determinations the lower Arbitrator may find to be necessary in order to determine whether [Country-Wide's] denials of this claim for reimbursement were appropriate and should be upheld."

The master arbitrator expressly ruled that "the issue of medical necessity has already been determined by the lower Arbitrator and may not be re-litigated. The only issue before the lower Arbitrator is the timeliness and validity of [Country-Wide's] denials of claim," which might require payment of SCOB's claim despite the finding that the arthroscopy was not medically necessary.

In explaining the basis for his award, the master arbitrator noted that SCOB's master appeal brief stated "significantly and repeatedly that the basis for . . . [the] Master Appeal is that

655876/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC                Page 3 of 8
Motion No. 001

3 of 8

[Country-Wide's] specific denial of claim and global denial of claim were issued after the date of service, but that SCOB itself "'was never put on notice of the prospective cutoff prior' to the date of service." The master arbitrator acknowledged that SCOB made no argument "at the hearing, or in this appeal, . . . that the patient (the eligible injured person) had not previously received notice of the impending termination of benefits," but that, nonetheless, "[t]his obligation (to notify the eligible injured person of an impending termination of benefits) is mentioned in several of the citations contained" in SCOB's brief, even though it "significantly is not asserted as a point of appeal." He further asserted that, with respect to SCOB's contentions in its master appeal brief, "it is to be appreciated and obvious that a specific denial of claim, relating to a specific claim for reimbursement, can never be issued prior to the date of service."

With respect to the consequences and effect of Country-Wide's November 29, 2022 "global denial," the master arbitrator noted that, at the time that Country-Wide received SCOB's claim for reimbursement on September 13, 2022, there was "no evidence or claim" by SCOB that it was a "known provider" to Country-Wide, and that, if that were the case, SCOB "would not be entitled to notice of an impending termination of benefits." As he further explained,

> "[a]n insurer can only respond to claims for reimbursement as they are received. While a known provider is entitled to notice of an impending termination of benefits, an insurer is not required to predict in advance who will be sending in claims for reimbursement for the first time in the future in order to notify them of an impending termination of benefits."

> "The only evidence in this matter, relating to a provider's right to notice of an impending termination of benefits, is that [Country-Wide] terminated the patient's no-fault benefits as of February 27, 2022 and there is no indication whether this claim for reimbursement was the first claim ever received by [Country-Wide] from [SCOB]. Under these circumstances [SCOB] would not be entitled to advance notice of an impending termination of benefits because there is no evidence that [Country-Wide] knew of the existence of [SCOB] as a provider prior to receiving this claim for reimbursement."

Furthermore, the master arbitrator concluded that there was no evidence in the record as to whether Rajnauth "did or did not receive prior notice of the impending termination of benefits by way of other denials of claim or other notices issued by" Country-Wide. He noted that the issue

655876/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC
Motion No.  001

Page 4 of 8

4 of 8

[* 4]

concerning whether notice of an impending termination of benefits was given to Rajnauth "was apparently ignored by both parties, both at the hearing and in this appeal," but that this crucial issued warranted "both factual inquiry and findings followed by legal conclusions."

The arbitrator acknowledged that SCOB limited its appeal to the assertion that it did not itself receive notice of an impending termination of benefits prior to providing medical services to Rajnauth, and that it was possible to interpret its failure to raise the issue of notice to Rajnauth before the lower arbitrator, or in its master appeal brief, as a waiver of that issue. Nonetheless, he concluded that, "in view of the fact that essential factual and legal issues were not raised and/or addressed in the lower Arbitration, or raised in this appeal," and "in order to have these factual and legal issues properly explored and determined, and in an attempt to arrive at a proper and just adjudication of all of the relevant issues," he remitted the matter to the lower arbitrator to make factual and legal determinations. These determinations included whether Country-Wide was required to notify both Rajnauth and known health-care providers of any impending termination of further no-fault benefits, whether SCOB was a "known provider" to Country-Wide on or before the August 12, 2022 service date, and whether Rajnauth ever received proper notice of the impending termination of benefits prior to the November 29, 2022 issuance of the global denial.

This proceeding ensued.

An arbitration award may be vacated pursuant to CPLR 7511(b)(1)(iii) where an arbitrator exceeded his or her power, including where the award violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of Isernio v Blue Star Jets, LLC*, 140 AD3d 480 [1st Dept 2016]). Where, as here, arbitration is compulsory (*see* Insurance Law § 5105), closer judicial scrutiny of the arbitrator's determination is required under CPLR 7511(b) than that applicable to consensual arbitrations (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co*., 89 NY2d 214 [1996]; *Matter of Furstenberg [Aetna Cas. & Sur. Co.–Allstate Ins. Co.]*, 49 NY2d 757 [1980]; *Mount St.*

655876/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC                    Page 5 of 8
Motion No.  001

5 of 8

*Mary's Hosp. v Catherwood*, 26 NY2d 493 [1970]). To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214 [1996]; *Matter of Furstenberg [Aetna Cas. & Sur. Co.–Allstate Ins. Co.]*, 49 NY2d 757 [1980]).

A master arbitrator

> "has the authority to vacate or modify an arbitration award based upon a ground set forth in CPLR article 75 (*see* 11 NYCRR 65.19[a][1]). The power of the master arbitrator to review factual and procedural issues is limited to whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis. If the determination of the arbitrator is challenged based upon an alleged factual error, the master arbitrator must uphold the determination if it has a rational basis"

(*Matter of Liberty Mut. Ins. Co. v Spine Americare Med., P.C.*, 294 AD2d 574, 576 [2d Dept 2002] [some citations and internal quotation marks omitted]). Hence, the "role of the master arbitrator is to review the determination of the arbitrator to assure that the arbitrator reached his [or her] decision in a rational manner, that the decision was not arbitrary and capricious . . . , incorrect as a matter of law . . . , in excess of the policy limits . . . or in conflict with other designated no-fault arbitration proceedings" (*Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 212 [1981]; *see Matter of Progressive Cas. Ins. Co. [Elite Med. Supply of N.Y., LLC]*, 162 AD3d 1471, 1472 [4th Dept 2018])

"A master arbitrator may not review the facts by weighing the evidence, assessing the credibility of witnesses, or making independent findings of fact" (*Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co.,* 176 AD3d 834, 835 [2d Dept 2019]; *see Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d at 212). Nonetheless, a master arbitrator's review powers do include reviewing the facts to determine "whether or not the evidence is sufficient, as a matter of law, to support the determination of the arbitrator" (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d at 212). "'[A] master arbitrator's determination of the law need not be correct: mere errors of law are insufficient to set aside the award of a master arbitrator'" (*Matter of Advanced Orthopaedics, PLLC v Country-Wide Ins. Co.*, 204 AD3d 787, 788 [2d Dept 2022],

**655876/2023 COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC** Page 6 of 8
**Motion No. 001**

6 of 8

[* 6]

quoting *Matter of Liberty Mut. Ins. Co. v Spine Americare Med*., 294 AD2d at 577). "If the master arbitrator vacates the arbitrator's award based upon an alleged error of 'a rule of substantive law,' the determination of the master arbitrator must be upheld unless it is irrational" (*Matter of Liberty Mut. Ins. Co. v Spine Americare Med*., 294 AD2d at 577 [internal quotation marks omitted]; *see Matter of Advanced Orthopaedics, PLLC v Country-Wide Ins. Co*., 204 AD3d at 788; *Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co.,* 170 AD3d 1168, 1168 [2d Dept 2019]). The Supreme Court has the authority pursuant to CPLR article 75 to review a master arbitrator's award, even where that award vacated a lower arbitrator's award, and remitted the matter back to the lower arbitrator for reconsideration (*see Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co.,* 176 AD3d at 834-835; *Matter of MVAIC v V & B Magic Recovery Supplies, Inc.,* 2014 NY Slip Op 33090[U], 2014 NY Misc LEXIS 5185 [Sup Ct, Queens County, Sep. 29, 2014]).

The court concludes that the master arbitrator here did not engage in any factfinding, but only determined that the lower arbitrator's award was imperfectly rendered because she did not fully consider or expressly determine factual and legal issues that had been presented to her, and were necessary to the determination of the dispute, specifically, the issue of whether SCOP was entitled to timely notice of termination of benefits. In other words, he determined that the evidence was not sufficient, as a matter of law, to support the determination of the lower arbitrator. In this regard, he also, in effect, concluded that, with respect to the issue of timely notice to Rajnauth, the dispute presented issues of law that appeared on the face of the record, and could not have been avoided had they been properly raised (*see Lischinskaya v Carnival Corp*., 56 AD3d 116, 121 [2d Dept 2008] [applying that concept to preservation requirement in appellate practice]; *see also Woods v Harris-Camden Terminal Equip. Inc*., 223 AD3d 505, 507 [1st Dept 2024] [reiterating rule, but declining to apply it because the sole issue that had not been raised was a factual issue]). Moreover, while 11 NYCRR 65-4.10(c)(6) provides that "[t]he master arbitrator shall only consider those matters which were the subject of the arbitration

655876/2023 COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC Page 7 of 8
Motion No. 001

below or which were included in the arbitration award appealed from," the issues of whether SCOB itself was entitled to or did, in fact, receive notice from Country-Wide of a prior or pending termination of benefits, were subjects of the arbitration hearing, even though the lower arbitrator did not explicitly address them, limiting her award to Country-Wide's lack of medical necessity defense. In addition, the court concludes that the issue of notice to Rajnauth is inextricably intertwined with the issue of notice to SCOB. Hence, the master arbitrator's interpretation of 11 NYCRR 65-4.10(c)(6) was not irrational.

Upon denial of the petition to vacate the master arbitrator's award, that award must be confirmed (*see* CPLR 7511[e]).

Accordingly, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that, upon the denial of the petition, the master arbitration award rendered in the arbitration proceeding entitled *Matter of Country-Wide Ins. Co. v SCOB, LLC*, American Arbitration Association Case No. 99-22-1271-4534, dated October 18, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that, as mandated by the master arbitration award, the parties are directed forthwith to proceed to further arbitration before the lower arbitrator with respect to the issues that the master arbitrator directed her to consider and determine.

This constitutes the Decision, Order, and Judgment of the court.

| 9/18/2024 | | JOHN J. KELLEY, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

655876/2023   COUNTRY-WIDE INSURANCE COMPANY vs. SCOB LLC
Motion No. 001

Page 8 of 8

8 of 8