Matter of South Nassau Community Hosp. v Avis Budget Group, Inc. (2025 NY Slip Op 05954)

Matter of South Nassau Community Hosp. v Avis Budget Group, Inc.

2025 NY Slip Op 05954

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.

LINDA CHRISTOPHER

LOURDES M. VENTURA

JAMES P. MCCORMACK, JJ.

2024-02473

(Index No. 606112/23)

[*1]In the Matter of South Nassau Community Hospital, etc., appellant,

v

Avis Budget Group, Inc., respondent.

Roman Kravchenko, Melville, NY, for appellant.

DECISION & ORDER

In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated April 4, 2023, which vacated an arbitration award in favor of the petitioner, the petitioner appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered January 5, 2024. The order denied the petition to vacate the master arbitrator's award.

ORDERED that the order is affirmed, without costs or disbursements.

The petitioner commenced a no-fault arbitration proceeding seeking to recover from the respondent for medical services the petitioner provided to Laurel Gordon following a motor vehicle accident on December 28, 2019. Initially, the respondent asserted, inter alia, the defense of lack of medical necessity. However, during the no-fault arbitration hearing, the respondent contended that the petitioner lacked standing because it had not obtained an assignment of benefits from Gordon. After the no-fault arbitration hearing, an arbitrator determined that the respondent failed to establish its medical necessity defense and awarded the petitioner the sum of $17,794.42, plus interest and attorneys' fees. The arbitrator did not address the issue of the petitioner's standing.

The respondent appealed the arbitrator's award to a master arbitrator, contending that the award was arbitrary and capricious, irrational, and incorrect as a matter of law, since it failed, inter alia, to address the petitioner's lack of standing. In response, the petitioner contended that the arbitrator's award was rational and correct as a matter of law, since the respondent had waived the lack of standing defense by failing to timely raise it. On April 4, 2023, the master arbitrator issued an award vacating the arbitrator's award in favor of the petitioner, based on the petitioner's lack of standing.

The petitioner then commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. In an order entered January 5, 2024, the Supreme Court denied the petition to vacate the master arbitrator's award. The petitioner appeals.

"A court reviewing the award of a master arbitrator is limited to the grounds set forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether the determination had evidentiary support, was rational, or had a plausible basis" (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800, 802; see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). "[A] master arbitrator's determination of the law need not be correct: mere errors of law are insufficient to set aside the award of a master arbitrator" (Matter of Advanced [*2]Orthopaedics, PLLC v Country-Wide Ins. Co., 204 AD3d 787, 787; see Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168). "If the master arbitrator vacates the arbitrator's award based upon an alleged error of a rule of substantive law, the determination of the master arbitrator must be upheld unless it is irrational" (Matter of Advanced Orthopaedics, PLLC v Country-Wide Ins. Co., 204 AD3d at 787 [internal quotation marks omitted]; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 802).

Here, the Supreme Court properly denied the petition to vacate the award of the master arbitrator, as it was not irrational or arbitrary and capricious (see Matter of Bay Needle Care Acupuncture, P.C. v Country Wide Ins. Co., 176 AD3d 695, 696; L.I. Community Med., P.C. v Allstate Ins. Co., 19 Misc 3d 142[A], 2008 NY Slip Op 51034[U] [App Term, 2d Dept, 2d & 11th Jud Dists]; Elite Med. Care, P.C. v Travelers Prop. & Cas. Ins. Co., 12 Misc 3d 1183[A], 2006 NY Slip Op 51397[U] [Civ Ct, Kings County]). "On questions of substantive law, the determination of the master arbitrator must be upheld if, as here, there is a rational basis for the determination" (Matter of Bay Needle Care Acupuncture, P.C. v Country Wide Ins. Co., 176 AD3d at 696).

In light of our determination, the petitioner's remaining contention need not be addressed.

DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court