Matter of American Tr. Ins. Co. v Big Apple Pain Mgt., PLLC (2025 NY Slip Op 05948)

Matter of American Tr. Ins. Co. v Big Apple Pain Mgt., PLLC

2025 NY Slip Op 05948

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-03259
 (Index No. 515654/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
v
Big Apple Pain Management, PLLC, etc., appellant.

Beynenson Law Firm, P.C., Franklin Square, NY (Alek Beynenson of counsel), for appellant.
Larkin Farrell, LLC, New York, NY (William R. Larkin III of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated April 8, 2022, which confirmed an award of an arbitrator dated December 4, 2021, Big Apple Pain Management, PLLC, appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated January 24, 2024. The order granted the petition to vacate the master arbitrator's award and, in effect, denied the cross-petition of Big Apple Pain Management, PLLC, to confirm the master arbitrator's award.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, the cross-petition is granted, and the master arbitrator's award dated April 8, 2022, is confirmed.
In October 2019, Carlos Nieto was involved in a motor vehicle accident in Staten Island. From February 2020 through June 2020, Nieto received medical services from Big Apple Pain Management, PLLC (hereinafter Big Apple), for injuries he sustained in the accident. Big Apple submitted insurance claims to the petitioner American Transit Insurance Company (hereinafter American Transit) for reimbursement of the cost of services performed, in the total sum of $1,417.73. American Transit denied the insurance claims. Thereafter, Big Apple submitted the insurance claims to arbitration. In an award dated December 4, 2021, after a hearing, an arbitrator awarded Big Apple the total sum of $1,417.73. American Transit then requested that the matter be reviewed by a master arbitrator. In an award of the master arbitrator dated April 8, 2022, the master arbitrator confirmed the arbitration award dated December 4, 2021, in its entirety.
In May 2022, American Transit commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. Big Apple opposed the petition and cross-petitioned to confirm the award. In an order dated January 24, 2024, the Supreme Court granted the petition to vacate the master arbitrator's award and, in effect, denied Big Apple's cross-petition. Big Apple appeals.
"'Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly [*2]applied'" (Matter of Allstate Ins. Co. v Westchester Med. Group, M.D., 125 AD3d 649, 650, quoting Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C., 67 AD3d 1017, 1017). "Arbitrators exceed their power only when they issue an award that 'violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of County of Nassau v Nassau County Investigators Police Benevolent Assn., Inc., 203 AD3d 824, 826, quoting American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70; see Matter of Dluhy v Sive, Paget & Riesel, P.C., 220 AD3d 659, 659). "'The master arbitrator's determination of the law need not be correct: mere errors of law are insufficient to set aside the award of a master arbitrator'" (Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168, 1168, quoting Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d 574, 577; see Matter of Advanced Orthopaedics, PLLC v Country-Wide Ins. Co., 204 AD3d 787, 787).
Here, American Transit failed to demonstrate the existence of any statutory grounds for vacating the master arbitrator's award (see Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 832, 833-834; Matter of Acuhealth Acupuncture, P.C. v New York City Tr. Auth., 167 AD3d 869, 870).
Accordingly, the Supreme Court should have denied the petition to vacate the master arbitrator's award and granted the cross-petition to confirm the master arbitrator's award.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court